MARCEL M. HOLZER, Respondent, v. DEUTSCHE REICHS-BAHN-GESELLSCHAFT et al., Appellants, Impleaded with Others.

THE GOVERNMENT OF GERMANY, Appellant.

Argued January 6, 1938; decided April 12, 1938.

J. *Anthony Panuch* for Deutsche Reichsbahn-Gesellschaft et al., appellants. The German law and decree discharging the plaintiff's contract is an exercise of sovereignty by the German government over German nationals and affecting a contract made and performable entirely within the borders of the Reich. The law and decree must be given internal effect. (*Pritchard* v. *Norton*, 106 U. S. 124; *Dougherty* v. *Equitable Life Assur. Soc.*, 266 N. Y. 71; *Die Deutsche Bank Filiale Nurnberg* v. *Humphrey*, 272 U. S. 517; *Underhill* v. *Hernandez*, 168 U. S. 250; *Oetjen* v. *Central Leather Co.*, 246 U. S. 297; *Ricaud* v. *American Metal Co.*, 246 U. S. 304; *Wulfsohn* v. *Russian S. F. Soviet Republic*, 234 N. Y. 372; *Salimoff & Co.* v. *Standard Oil Co.*, 262 N. Y. 220; *Hartford Accident & Indemnity Co.* v. *Delta & Pine Land Co.*, 292 U. S. 143; *Home Ins. Co.* v. *Dick*, 281 U. S. 397; *Bradford Electric Light Co.* v. *Clapper*, 286 U. S. 145; *United States* v. *Belmont*, 301 U. S. 324.)

*Philip F. Farley* for Schenker & Co., appellant. The German law and decree discharged the plaintiff's contract and the internal effect of such law must be recognized as a defense. (*Pritchard* v. *Norton*, 106 U. S. 124; *Vanderhorst* v. *Kittredge*, 229 App. Div. 126; *Dougherty* v. *Equitable Life Assur. Soc.*, 266 N. Y. 71; *Deutsche Bank Filiale Nuremberg* v. *Humphrey*, 272 U. S. 517; *Straus & Co.* v. *Canadian Pacific Ry. Co.*, 254 N. Y. 407; *Citizens Nat. Bank* v. *Waugh*, 78 Fed. Rep. [2d] 325; *The Fri*, 154 Fed. Rep. 333; *Hartford Acc. & Ind. Co.* v. *Delta & Pine Land Co.*, 292 U. S. 143; *Bradford Electric Light Co.* v. *Clapper*, 286 U. S. 145; *Underhill* v. *Hernandez*, 168 U. S. 250; *Home Ins. Co.* v. *Dick*, 281 U. S. 397; *United States* v. *Belmont*, 85 Fed. Rep. [2d] 542; *Oetjen* v. *Central Leather Co.*, 246 U. S. 297; *Ricaud* v. *American Metal Co.*, 246 U. S. 304; *Wulfsohn* v. *Russian Republic*, 234 N. Y. 372; *Salimoff* v. *Standard Oil Co.*, 262 N. Y. 220.) The complaint should be dismissed as to both

defendants Reichsbahn and Schenker. (*Salimoff* v. *Standard Oil Co.*, 237 App. Div. 686; 262 N. Y. 220.)

*Samuel R. Wachtell* for respondent. The law of April seventh violates fundamental concepts of morality and public policy in this State. The Special Term was entitled to inquire into the nature, operation and results of this law and to refuse to sustain a defense based on it. (*Russian Reinsurance Co.* v. *Stoddard*, 240 N. Y. 149; *James & Co.* v. *Second Russian Ins. Co.*, 239 N. Y. 248; *Guinness* v. *Miller*, 291 Fed. Rep. 769; *People* v. *Hawkins*, 157 N. Y. 1; *Meacham* v. *Jamestown, F. & C. R. R. Co.*, 211 N. Y. 346; *Barth* v. *Backus*, 140 N. Y. 230; *Straus & Co.* v. *Canadian Pacific Ry. Co.*, 254 N. Y. 407; *Lemmon* v. *People*, 20 N. Y. 562; *Matter of Ziegler*, 82 Misc. Rep. 346; *Rice* v. *Dannenbaum*, 32 Vt. 460.) The law upon which the second defense rests is a breach of our own law. (*Seton Maitland & Co.* v. *Low*, 1 Johns. Cas. 1; *The Paquete Habana*, 175 U. S. 677; *Respublica* v. *Keating*, 1 Dall. 110; *The Scotia*, 14 Wall. 170; *The New York*, 175 U. S. 187; *Kansas* v. *Colorado*, 185 U. S. 125; 206 U. S. 46.)

*Per Curiam.* The complaint alleges two causes of action arising out of a contract between plaintiff, a German national, and Schenker & Co. G. m. b. H., a German corporation, for services to be performed by plaintiff for three years from January 1, 1932, in Germany and in other locations outside this State. Defendants, German corporations, controlled either through stock ownership or otherwise, the transportation system known as Schenker & Co.

Both causes of action allege that the contract provides that " in the event the plaintiff should die *or become unable, without fault on his part, to serve during the period of the contract* the defendants would pay to him or his heirs the sum of 120,000 marks, in discharge of their obligations, under the hiring aforesaid."

The first cause of action alleges that on June 21, 1933, defendants discharged plaintiff as of October 31, 1933, upon the sole ground that he is a Jew and that as the result of such discharge he was damaged in a sum upwards of $50,000.

The second cause of action alleges that in April, 1933, the German government incarcerated plaintiff in prison and in a concentration camp for about six months, that his imprisonment was not brought about by any act or fault of plaintiff but solely by reason of the policy of the government which required the elimination of all persons of Jewish blood from leading commercial, industrial and transportation enterprises, that as a result *" plaintiff became unable, without any fault on his part, to continue his services from the month of April 1933,"* and has been damaged in the sum of $50,000.

The second separate defense of defendant Deutsche Reichsbahn-Gesellschaft alleges that the contract of hiring was made and was to be performed in Germany, was terminated in Germany and is governed by the laws of Germany, that subsequent to April 7, 1933, the government of Germany adopted and promulgated certain laws, decrees and orders which required persons of non-Aryan descent, of whom plaintiff is one, to be retired.

The Special Term granted plaintiff's motion to strike out this defense, the Appellate Division affirmed and certified these questions: " (1) Is the second separate defense contained in the answer of the defendant, Deutsche Reichsbahn-Gesellschaft, sufficient in law upon the face thereof? (2) Does the complaint herein state facts sufficient to constitute a cause of action? "

The courts of this State are empowered to entertain jurisdiction of actions between citizens of foreign countries or other States of this Union based upon contracts between non-residents to be performed outside this State. (*Hutchinson* v. *Ward*, 192 N. Y. 375; *Wedemann* v. *U. S Trust Co.*, 258 N. Y. 315, 317, 318; *Meyers* v. *Credit Lyonnais*, 259 N. Y. 399.) Under the decisions of this court

and of the Supreme Court of the United States, the law of the country or State where the contract was made and was to be performed by citizens of that country or State governs. (*Salimoff & Co.* v. *Standard Oil Co.*, 262 N. Y. 220.) Within its own territory every government is supreme (*United States* v. *Belmont*, 301 U. S. 324) and our courts are not competent to review its actions. (*Wulfsohn* v. *Russian S. F. S. Republic*, 234 N. Y. 372.) We have so held, "however objectionable" we may consider the conduct of a foreign government. (*Dougherty* v. *Equitable Life Assur. Soc.*, 266 N. Y. 71, 83.) "Every sovereign state is bound to respect the independence of every other sovereign state, and the courts of one country will not sit in judgment on the acts of the government of another done within its own territory." (*Oetjen* v. *Central Leather Co.*, 246 U. S. 297, 303.) In the *Dougherty* case (*supra*, at p. 90) we have held: "It cannot be against the public policy of this State to hold nationals to the contracts which they have made in their own country to be performed there according to the laws of that country."

Therefore, in respect to the first cause of action, we are bound to decide, as a matter of pleading, that the complaint does not state facts sufficient to constitute a cause of action and that the second separate defense of the answer is sufficient in law upon its face. Defendants did not breach their contract with plaintiff. They were forced by operation of law to discharge him.

In respect to the second cause of action, the result is necessarily different. We are dealing merely with pleadings. Assuming, as alleged, that plaintiff became unable without any fault on his part to continue his services subsequent to April, 1933, that part of the agreement which is alleged to provide "that in the event the plaintiff should die *or become unable, without fault on his part,* to serve during the period of the contract the defendants would pay to him or his heirs the sum of 120,000 marks, in discharge of their obligations, under the hiring afore-

said," must be interpreted according to German law and the meaning of German words. What that law is depends upon the solution of questions of fact which must be determined on the trial. If the English words " become unable" are a correct translation of the German words employed in the contract, then they would not appear to be limited to inability caused by physical illness but might be intended to apply to any factor which might prevent his service.

The order should be modified by reversing so much thereof as grants plaintiff's motion to strike out the second separate defense in the answer as applied to the first cause of action. It should be affirmed as to the second cause of action and the certified questions answered as follows: (1) As to the first cause of action, " Yes." As to the second cause of action, " No." (2) As to the first cause of action, " No." As to the second cause of action, " Yes."

CRANE, Ch. J., LEHMAN, O'BRIEN, LOUGHRAN, FINCH, and RIPPEY, JJ., concur; HUBBS, J., taking no part.

Ordered accordingly.