80 F.Supp. 971 (1948)
RICHER
v.
CHICAGO, R. I. & P. R. CO.
No. 6076.
United States District Court E. D. Missouri, E. D.
November 19, 1948.
*972 W. F. Smith, of Oklahoma City, Okl., and Cox & Cox, of St. Louis, Mo., for plaintiff.
Sullivan, Finley & Lucas, Wilder Lucas and Hugh H. Sullivan, all of St. Louis, Mo., for defendant.
HULEN, Judge.
Motion of defendant for order transferring the venue of this cause to the United States District Court for the Western District of Oklahoma is before the Court for ruling. The motion is filed under the provisions of Section 1404, 28 United States Code Annotated,[1] passed by Congress June 16th and effective September 1st, 1948. The Reviser's notes, page 1853, Title 28, United States Code, Congressional Service, reveal that it was not the purpose of Congress to blaze a new trail in the passage of Section 1404(a), but it was "drafted in accordance with the doctrine of forum non conveniens", a common law doctrine to which recognition was given by our highest Court on many occasions previous to the passage of Section 1404(a). As to factors that should be given consideration in determining whether or not venue will be denied under the doctrine of forum non conveniens, the Supreme Court said in Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 67 S.Ct. 839, 843, 91 L.Ed. 1055, that "An interest to be considered, and the one likely to be most pressed, is" (1) "private interest of the litigant"; (2) "relative ease of access to sources of proof;" (3) "availability of compulsory process for attendance of unwilling" witnesses; (4) "cost of obtaining attendance of willing" witnesses; (5) "possibility of view of premises, if view would be appropriate to the action;" (6) "practical problems that make trial of a case easy, expeditious and inexpensive." Among other practical problems posed by the Court was "appropriateness * * * in having the trial of a diversity case in a forum that is at home with the state law that must govern the case * * *". The Court concludes, "unless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed."
Applying the factors named to the record of this case as made by affidavits on behalf of plaintiff and defendant, we find plaintiff sues for personal injuries alleged to have been sustained at Enid, Oklahoma June 9, 1948, as the result of a door of a freight car belonging to defendant falling on the plaintiff; Enid, Oklahoma is 540 miles from St. Louis; a United States District Court sits at Enid and Oklahoma City, 85 miles from Enid; service can be obtained on the defendant by process out of those Courts; plaintiff is a resident of Enid, and his employer, at the time of the accident, Banks Lumber Company, was located at Enid; aside from medical testimony all witnesses live at Enid; immediately following the accident plaintiff was treated by physicians in the State of Oklahoma and such physicians have continued to treat plaintiff; we are without information as to the number of witnesses plaintiff would have; defendant intends to call seven witnesses, only two of whom are in the employ of the defendant; all witnesses are beyond the subpoena power of this Court.
This suit was filed on August 25, 1948 by W. F. Smith, an attorney from the State of Oklahoma, and the firm of Cox & Cox of the St. Louis Bar. On September 24th this *973 motion for change of venue was filed by the defendant. On October 12th plaintiff placed himself under the care and treatment of a physician in St. Louis. Plaintiff was hospitalized in St. Louis prior to the 10th day of November. Defendant's affidavit alleges date of hospitalization as November 6th, following argument on the present motion on November 5th.
During oral argument plaintiff opposed the motion because there is only one eye witness to the accident. This witness would be brought to St. Louis by plaintiff. Plaintiff further argued he is under the care of physicians in the City of St. Louis. We draw the conclusion that St. Louis physicians will testify as experts in the trial of this case. Enid, Oklahoma, is 85 miles from Oklahoma City and we think it a fair presumption that qualified physicians and surgeons and equipped hospitals are available to plaintiff at that place.
The law with respect to the new statute on forum non conveniens is discussed at length in Hayes v. Chicago, R. I. & P. R. Co., D.C., 79 F.Supp. 821, in an exhaustive opinion by Judge Nordbye. We express agreement with the legal conclusions contained in that opinion, in so far as they apply to a case of the type here involved, and where jurisdiction is based on diversity. The factors mentioned by the Supreme Court in the Gulf Oil Corp. case are in the present record. Sources of proof of both plaintiff and defendant are in Oklahoma. It will be an expense for either party to bring witnesses from Enid, Oklahoma to St. Louis that can be avoided if the case is tried at Enid, Oklahoma. Neither party can force attendance of witnesses in St. Louis aside from the doctors who have examined and treated the plaintiff in St. Louis. Both parties have Oklahoma counsel. We do not believe the one circumstance that plaintiff elected to come to St. Louis to obtain medical service approximately a month and a half after this case was filed, and after motion to change venue was filed, is sufficient to outweigh other considerations that make trial of this case in Oklahoma a matter of convenience to both parties and witnesses and in the interest of justice.
It is therefore ordered:
That the venue of this cause be transferred from this Court to the United States District Court for the Western District of Oklahoma under provision of Section 1404, 28 U.S.C.A., and that the Clerk of this Court shall forthwith (following ten day period hereinafter designated) forward all the files in said proceeding, together with the deposit made by plaintiff, to the Clerk of the United States District Court for the Western District of Oklahoma City, together with a copy of this order;
That plaintiff may file his election in the office of the Clerk of this Court within 10 days whether said cause be then filed for trial before the District Court sitting at Enid or at Oklahoma City; failing such election the cause will be filed for trial at Enid, Oklahoma.[2]
We do not pass on motion for more definite statement but leave that for disposal by the Court to which the venue is changed.
Exception allowed to the plaintiff.
NOTES
[1] "§ 1404. Change of venue

"(a) For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."
[2] File is sent to Oklahoma City because the Clerk's Office is not maintained at Enid when Court is not in session.