Henslee, Monek & Murray, of Chicago, Ill., for plaintiff.

Sidney C. Murray, of Chicago, Ill., for defendant.

## SCOTT v. NEW YORK CENT. R. CO.

### No. 48 C 850.

United States District Court
N. D. Illinois, E. D.

Dec. 29, 1948.

BARNES, Chief Judge.

This cause came on to be heard on the motion of the defendant to transfer the cause to the United States District Court for the Southern District of West Virginia or to the United States District Court for the Southern District of Ohio, Eastern Division.

The statute under which the transfer is asked to be made is Section 1404(a) of Title 28 U.S.C.A., which reads as follows:

"(a) For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."

The defendant says that the accident giving rise to the alleged cause of action occurred in Institute, West Virginia, which is in excess of 650 miles by rail from Chicago; that the plaintiff resides in Pomeroy, Ohio, close to the West Virginia border, some 600 miles by rail from Chicago; that the four other members of the train crew which included the plaintiff reside in southeastern Ohio or in western West Virginia, all residences being some 600 miles or more by rail from Chicago; that one of the physicians who attended plaintiff after the accident in question resides in Pomeroy, Ohio; that another of the physicians who attended plaintiff after the accident in question resides in Charleston, West Virginia, approximately 650

miles by rail from Chicago; that for the trial of this case the defendant will require. the presence of at least six witnesses, all residing in southeastern Ohio or western West Virginia; that the attendance in Chicago of willing witnesses would cause defendant to expend a sum approximately $1000 greater than that required by trial in either the Southern District of West Virginia or the Southern District of Ohio, Eastern Division; that defendant knows of no fact witnesses residing in the Northern District of Illinois; that for the trial of this case in Chicago the plaintiff will incur the expense of transporting witnesses from southeastern Ohio and western West Virginia; that both the United States District Court, Southern District of West Virginia, and the United States District Court, Southern District of Ohio, Eastern Division, are close to the scene of the accident in question and to plaintiff's residence, and that the present forum does not serve the convenience of either litigant or of any fact witness known to defendant.

The plaintiff, in opposition to the motion, says that he lives at Pomeroy, Ohio, a distance of 400 miles from Chicago; that the division point on the railroad where he goes to work is 400 miles from Chicago; that he does not know where the other members of his crew live; that he has been attended by doctors in Chicago and has been examined by doctors in Chicago, as well as other places in the United States and is willing to submit to an examination by a railroad doctor in Chicago; that the reason the plaintiff brought his action in Chicago was that his attorneys are counsel for the union to which he belongs, that he has confidence in his union, that it has set up a legal department to protect members of the union who have been injured, that as a part of such protection the union has investigators who investigate cases, that the plaintiff will receive a larger sum in settlement of his case because he will not have to pay a charge to have his case investigated, as is generally done, or to hire some lawyer other than the ones representing his union; and that this forum does suit the convenience of the plaintiff and of the witnesses within the forum.

Two questions have been argued: First, Does Section 1404(a) Title 28 U.S.C.A. apply to actions brought under the Federal Employers' Liability Act, 45 U.S.C.A. § 51 et seq.; and, Second, if it does, do the facts of this case warrant a transfer?

The court's attention has been called to the following cases which support the contentions of the movant: Hayes v. Chicago, R. I. & Pac. R. R. Co., D.C.Minn., 79 F. Supp. 821; Collett v. L. & N. R. R. Co., C.E.D.Ill., 81 F.Supp. 428; Nunn v. Chicago, Milwaukee etc. R. R. Co., D.C.S.D. N.Y., 80 F.Supp. 745; and Kilpatrick v. Texas & Pac. Ry. Co.[1] (U.S.Dist.Ct.S.D. N.Y.; November 12, unreported). See also White v. Thompson, D.C.N.D.Ill., 80 F.Supp. 411 (the action involved in that case, however, was not one under the Federal Employers' Liability Act); United States v. Nat. City Lines, D.C.S.Cal., 80 F.Supp. 734. The court's attention has also been called to the opinion in Pascarella v. New York Central Railroad Company, D C.E.D.N.Y., 81 F.Supp. 95, which supports the contentions of the plaintiff in the case at bar.

█ The court is of the opinion that Section 1404(a) Title 28 U.S.C.A. does apply to actions brought under the Federal Employers' Liability Act. The opinions in the Hayes, Collett and Nunn cases, supra, state well and quite fully the reasons for the conclusion at which the court has arrived in this case, and it is unnecessary here to repeat those reasons.

The court may perhaps be permitted to observe that the language of Section 1404 (a) is clear. It says that a District court may, if certain conditions prevail, transfer "any civil action." It is hard to believe that the words "any civil action" mean other than just what they say, and, since a Federal Employers' Liability Act suit is a civil action, it appears to be covered by the section.

Furthermore, other sections in the new code demonstrate that Congress did not intend to exclude Federal Employers' Liability Act cases from the operation of

---

[1] No opinion for publication.

Section 1404(a). Cases which are not brought under the Federal Employers' Liability Act are controlled by the general venue provisions found in Section 1391 of Title 28 U.S.C.A., which reads as follows:

"(a) A civil action wherein jurisdiction is founded only on diversity of citizenship may, except as otherwise provided by law, be brought only in the judicial district where all plaintiffs or all defendants reside.

"(b) A civil action wherein jurisdiction is not founded solely on diversity of citizenship may be brought only in the judicial district where all defendants reside, except as otherwise provided by law.

"(c) A corporation may be sued in any judicial district in which it is incorporated or licensed to do business or is doing business, and such judicial district shall be regarded as the residence of such corporation for venue purposes.

"(d) An alien may be sued in any district."

Cases arising under the Federal Employers' Liability Act, Sec. 56, Title 45 U.S.C.A., "may be brought in a district court of the United States, in the district of the residence of the defendant, or in which the cause of action arose, or in which the defendant shall be doing business at the time of commencing such action." Section 1391 of Title 28 U.S.C.A. does not purport to change the provision of Section 56, Title 45 U.S.C.A., above quoted, since subsection (b) of said section 1391 contains the limitation "except as otherwise provided by law." Chapter 89 of the new code provides for the removal of cases from State courts. Section 1441(a) of that chapter says that "Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed." Section 1445 of the same chapter (89) expressly exempts Federal Employers' Liability Act cases and provides that "A civil action in any State court against a railroad or its receivers or trustees, arising under sections 51–60 of Title 45, may not be removed to any district court of the United States",—making this section (1445) of said Chapter 89 consistent with Section 56 of Title 45 U.S.C.A., Sec. 6 of the Federal Employers' Liability Act, which states that "no case arising under this chapter and brought in any State court of competent jurisdiction shall be removed to any court of the United States." 45 U.S.C.A. § 56. In the instances referred to may be seen the clear intent of Congress to exclude Federal Employers' Liability Act cases from the general venue provisions of Section 1391 of Title 28 U.S.C.A. and the express exclusion of such cases from the general removal provisions of the new act. It follows that by its omission of any reference to Federal Employers' Liability Act cases in section 1404(a) Congress intended that section to apply to "any civil action", including an action brought under the Federal Employers' Liability Act.

It may be observed that Section 1404(a) of Title 28 U.S.C.A. does not purport to change the place of original venue of any suit, whether brought under Section 1391 of the new code or Section 6 of the Federal Employers' Liability Act.

One of the reasons stressed by the plaintiff for his opposition to the motion is that he is represented in his action in Chicago by attorneys who are counsel for the union to which he belongs. The plaintiff unquestionably feels, and doubtless with reason, that to be represented by counsel chosen by his union is a great advantage to him, but it has not been made to appear, and the court does not believe that it can be made to appear, that he cannot be as well represented by counsel for his union in a court of the district of the residence of the plaintiff (in which district the defendant was doing business at the time of the commencement of the action) or a court of the district in which the cause of action arose.

On the facts which have been detailed above, the court is of the opinion that, for the convenience of the parties and of the witnesses and in the interest of justice, this action should be transferred either to the United States District Court for the Southern District of West Virginia or the United States District Court for the South-

ern District of Ohio, Eastern Division. The plaintiff may have his choice of those forums, such choice to be made at the time, hereinafter fixed, for the entry of a formal order in accordance with the views herein expressed.

An order, in accordance with the views herein expressed, may be made, without any other or further notice than this, at the opening of court on Tuesday, January 4, 1949.