Mary Perutz, as Administratrix of the Estate of Arthur Perutz, Deceased, Respondent, *v.* Bohemian Discount Bank in Liquidation, Appellant.

Argued October 6, 1952; decided January 9, 1953.

*Philip F. Farley* for appellant. I. The obligation of defendant under the contract and its liability for breach thereof must be determined under the laws of Czechoslovakia. (*Holzer* v. *Deutsche Reichsbahn-Gesellschaft,* 277 N. Y. 474; *Zimmermann* v. *Sutherland,* 274 U. S. 253; *Deutsche Bank* v. *Humphrey,* 272 U. S. 517; *Wulfsohn* v. *Russian Socialist Federated Soviet Republic,* 234 N. Y. 372; *Salimoff & Co.* v. *Standard Oil Co. of N. Y.,* 262 N. Y. 220; *Dougherty* v. *Equitable Life Assur. Soc. of U. S.,* 266 N. Y. 71; *Oetjen* v. *Central Leather Co.,* 246 U. S. 297; *United States* v. *Pink,* 315 U. S. 203; *Anderson* v. *N. V. Transandine Handel-Maatschappij,* 289 N. Y. 9.) II. Under the laws of Czechoslovakia defendant has committed no breach of contract and is not liable to plaintiff for damages. (*Kraus* v. *Zivnostenska Banka,* 187 Misc. 681; *Spitz* v. *Schlesische Kredit-Anstalt A. G.,* N. Y. L. J., Jan. 21, 1948, p. 267, col. 6; *Werfel* v. *Zivnostenska Banka,* 260 App. Div. 747; *Jacobson* v. *Warzycki,* 275 App. Div. 795; *Canada Southern Ry. Co.* v. *Gebhard,* 109 U. S. 527; *Zivnostenska Banka Nat. Corp.* v. *Frankman,* [1950] A. C. 57; *Kahler* v. *Midland Bank,* [1950] A. C. 24.) III. The fact that the laws of Czechoslovakia do not prohibit her courts from adjudicating liability or entering a judgment does not create a cause of action in favor of plaintiff or permit plaintiff to enforce payment in dollars contrary to the contract.

*Lincoln Orens* for respondent. I. The currency regulations of Czechoslovakia in no way prevent the court from adjudicating liability and entering judgment. (*Van der Veen* v. *Amsterdamsche Bank,* 178 Misc. 668; *Singer* v. *Yokohama Specie Bank,* 293 N. Y. 542; *Banque Mellie Iran* v. *Yokohama Specie Bank,*

299 N. Y. 139; *Leeds* v. *Guaranty Trust Co. of N. Y.*, 65 N. Y. S. 2d 431, 272 App. Div. 909, 297 N. Y. 1019.) II. A judgment by a court of this State, in an action for money damages, can only be rendered in American dollars. (*Deutsche Bank* v. *Humphrey*, 272 U. S. 517; *Petkus* v. *Lietuvos Ukio Bankas*, 123 Misc. 193; *Matter of United Shellac Corp.* [*Jordan Ltd.*], 277 App. Div. 147; *Metcalf Co.* v. *Mayer*, 213 App. Div. 607; *Sirie* v. *Godfrey*, 196 App. Div. 529.) III. Execution upon a judgment is procedural and matters of procedure are determined by the law of the forum. (*Murray* v. *New York, O. & W. R. R. Co.*, 242 App. Div. 374; *Ackermann* v. *Berriman*, 61 Misc. 165; *Myers* v. *Moran*, 113 App. Div. 427; *Laird* v. *Carton*, 196 N. Y. 169; *Franklin Sugar Refining Co.* v. *Lipowicz*, 247 N. Y. 465; *Pritchard* v. *Norton*, 106 U. S. 124; *Meacham* v. *Jamestown, F. & C. R. R. Co.*, 211 N. Y. 346; *Matter of Gantt* [*Hurtado & Cia*], 297 N. Y. 433.) IV. The currency regulations of Czechoslovakia under the communist regime are confiscatory in nature and should not be enforced by our courts. V. The courts of New York State will not execute the penal laws of another State, nor will they execute or enforce the revenue laws of another State or country. (*Loucks* v. *Standard Oil Co. of N. Y.*, 224 N. Y. 99; *State of Colorado* v. *Harbeck*, 232 N. Y. 71; *Beadall* v. *Moore*, 199 App. Div. 531.) VI. Appellant did not perform the contract in conformity with Czechoslovak law.

LOUGHRAN, Ch. J. At the times and on the occasions to which we shall refer, the defendant was a banking corporation organized and existing under the laws of Czechoslovakia with a place of business at Prague. In 1940, it acquired all the assets and assumed all the liabilities of the Bank of Commerce and Industry, another Czechoslovakian banking corporation.

Arthur Perutz was an employee of the Bank of Commerce and Industry from July 1, 1905 to January 31, 1940; he was then a citizen of Czechoslovakia and so remained until March 4, 1946, when he became a naturalized citizen of the United States; on November 6, 1940, he had become a resident of the county of New York where he lived thereafter until his death.

Among the liabilities of the Bank of Commerce and Industry assumed by the defendant bank were agreements which entitled

Arthur Perutz to be paid a pension of 6,000 Czechoslovakian crowns per month commencing February 1, 1940. These agreements contained the following provisions:

" The pension provided for in these regulations will be paid in advance in monthly instalments at the cashier's office of the bank. The monthly instalments will always be rounded up to full crowns; if the right to the pension terminates during the course of the month a refund of the amount paid will not be demanded.

" The persons entitled to the pensions must upon request submit before every payment a certificate that they are still alive or that they are still widows.

" Place of performance is always the place of business of the bank, even if the instalments should be sent by postal order or in any different manner — which the bank has the right to do."

On June 12, 1949, Arthur Perutz died and his wife was duly appointed his administratrix by the Surrogate's Court of New York County. In that capacity, she was substituted as party plaintiff in this action which had been commenced by Arthur Perutz to recover the sum of 396,857 Czechoslovakian crowns that had become due to him in his lifetime and had not been paid to him or to the plaintiff as his administratrix — except by entry of a credit of the amount thereof to a foreign blocked account standing in the name of Arthur Perutz in the defendant bank at Prague.

The above-recited facts were stipulated by the parties to this action as were also translations of the relevant statutes, laws, and decrees that were in effect in Czechoslovakia from 1924 to the time of the commencement of this action. These statutes, laws and decrees forbade a resident of Czechoslovakia to make any payment in currency or in foreign exchange to a nonresident of that country, unless such payment was licensed by the Czechoslovakian currency control authority. Under the same provisions of law, a nonresident judgment creditor was not entitled to enforce a judgment in Czechoslovakia unless payment of the amount thereof was licensed by the same authority.

The trial court dismissed the complaint. But the Appellate Division reversed the judgment of dismissal and granted judg-

ment to the plaintiff for $7,937.14 (the dollar equivalent of 396,857 Czechoslovakian crowns). The Appellate Division also refused to grant a stay of execution to the defendant bank. In respect of its denial of that relief the court said: "We see no reason why such stay should be granted. To do so would be impractical as well as unjust and would give unwarranted extraterritorial effect to foreign law and enforce it beyond its terms, and subject the parties to hazards for currency fluctuations in the indefinite future. Here, money of the debtor has been attached, the situs of which is in this jurisdiction. Czechoslovakian currency regulations can have no control over a levy on such funds, nor can Czechoslovakian laws have any control over the issuance or enforcement of process by the courts of this State. Such matters are remedial or procedural and are controlled by the law of the forum." (279 App. Div. 386, 392.)

We find ourselves unable to assent to the judgment of the Appellate Division.

A contract made in a foreign country by citizens thereof and intended by them to be there performed is governed by the law of that country (*Holzer* v. *Deutsche Reichsbahn-Gesellschaft*, 277 N. Y. 474, 478–479. Cf. *Meyers* v. *Credit Lyonnais*, 259 N. Y. 399; *Salimoff & Co.* v. *Standard Oil Co. of N. Y.*, 262 N. Y. 220, 227). Our courts may, however, refuse to give effect to a foreign law that is contrary to our public policy. (*Dougherty* v. *Equitable Life Assur. Soc. of U. S.*, 266 N. Y. 71, 90.) But the Czechoslovakian currency control laws in question cannot here be deemed to be offensive on that score, since our Federal Government and the Czechoslovakian Government are members of the International Monetary Fund established by the Bretton Woods Agreements Act. (See U. S. Code, tit. 22, § 286; *United States* v. *Pink*, 315 U. S. 203, 231.)

In short the defendant bank has been performing its pension obligation to Arthur Perutz and to the plaintiff as his administratrix in accordance with Czechoslovakian law and, since that law controlled the transaction in issue, our courts ought not to apply any different rule in this case. (Cf. *Kahler* v. *Midland Bank*, [1950] A. C. 24; *Zivnostenska Banka Nat. Corp.* v. *Frankman*, [1950] A. C. 57.)

The judgment of the Appellate Division should be reversed and that of the trial court affirmed, with costs in this court and in the Appellate Division.

LEWIS, CONWAY, DESMOND, DYE, FULD and FROESSEL, JJ., concur.

Judgment accordingly.