CENTRAL PUBLISHING COMPANY, INC., Respondent, *v.* GAENELLE WITTMAN et al., Doing Business as TV SPOTLIGHT PUBLICATIONS, Appellants.

First·Department, March 23, 1954.

*Francis Finkelhor,* appearing specially for appellants.

*David N. Fields* for respondent.

*Per Curiam.* Plaintiff is a foreign corporation organized under the laws of Indiana without authority to do business within the State of New York; both defendants are nonresidents of the State of New York and residents of Indianapolis, Indiana; the contract sued upon was made, was to be performed and allegedly was breached by defendants in Indiana. On all the facts disclosed, we think the interests of justice, the convenience of the court and the parties will be better served if this action is prosecuted and disposed of in the jurisdiction of the parties and the cause. These are sufficient reasons for the exercise of this court's discretion under the doctrine of *forum non conveniens* to refuse to entertain the action. Freedom of commerce, which is to be encouraged, and New York as a commercial center would be ill served if property attracted here from all over the world is to be at the risk of attachment and its owners subjected to the jurisdiction of our courts in all sorts of actions by nonresident plaintiffs against nonresident defendants when the State and the property have no nexus with the plaintiff or his cause of action (see *Gulf Oil Corp.* v. *Gilbert,* 330 U. S. 501, 508, 509).

In *Bata* v. *Bata* (304 N. Y. 51, 55–57), the Court of Appeals merely held that as a matter of law the Appellate Division did not err in affirming an order of Special Term denying defendant's motion to dismiss on the ground of *forum non conveniens*; the court pointed out that one of the Bata corporations was incorporated in New York and had an office here; that there were pending in New York courts two other litigations between the parties, one of which had been tried and reviewed by the Appellate Division; that in the very nature of the state of facts involved therein " with the assets scattered all over the world, there is no one ' appropriate ' forum, and that the difficulties and inconveniences listed by defendant would be found, in greater or less number, in any suit brought anywhere to determine these issues." But the Court of Appeals also (p. 56) expressly held: " However, it is now clear that the courts have power, in contract and other kinds of property litigation between nonresidents, to decline, as well as to accept, jurisdiction."

Accordingly, the order denying defendants' motion to vacate the warrant of attachment should be reversed and the motion granted, with costs and disbursements to defendants-appellants. Settle order.

BREITEL, J. (dissenting). There has been no showing in this case that the convenience of the parties will be seriously and adversely affected by having the situs of the litigation in New York. On the other hand, it is reasonable to assume that the bringing of an action in New York by an Indiana plaintiff arises out of some necessity. The fact that an asset of the defendants was located in this State may explain that necessity. That is a stronger circumstance justifying keeping jurisdiction than when jurisdiction is obtained solely by personal service on a non-resident defendant, rather than, as in this case, by attachment of his property here. Where an asset is located here it is strongly suggestive that there may be proper or needful basis for the action being brought in New York.

The Court of Appeals has always held that a transitory action arising in contract between nonresidents would be entertained in this State. In *Hutchinson* v. *Ward* (192 N. Y. 375) the court said: " We have no policy in this state which is affected by permitting the suit. It is not a case where the plaintiff is seeking to enforce some peculiar liability, or remedy, created by a foreign state; he is seeking to enforce a common-law obligation, which has not wholly lost its force. The action is transitory in its nature and is maintainable outside of the state where the contract was made. The courts of this state are open to all suitors and will enforce transitory rights of action, where the liability asserted is recognized by the common law, is contractual in its nature and is not violative of our public policy. This obligation of comity is only denied, as before suggested, where a foreign statute is sought to be enforced against a citizen, which has created a liability, or has granted a remedy, unknown to the common law, or contrary to our declared policy. (*Marshall* v. *Sherman*, 148 N. Y. 9.) " (P. 381.) The dismissal of the complaint by the trial court and the Appellate Division was reversed.

Later, in *Wedemann* v. *United States Trust Co.* (258 N. Y. 315) the Court of Appeals spoke even more affirmatively about the right to refuse jurisdiction in transitory actions between non-residents. Said the court: " In actions between nonresidents founded on tort where the cause of action arises outside this State, the right to refuse jurisdiction is fully recognized. (*Gregonis* v. *Philadelphia & Reading Coal & Iron Co.*, 235 N. Y. 152, 160, *Murnan* v. *Wabash Ry. Co.*, 246 N. Y. 244.) In actions on contract, where the enforcement of a common-law liability as between living parties is sought, the mere fact that an agreement has been executed in a foreign State between non-

residents of this State does not vest our courts with discretion to refuse jurisdiction. (*Hutchinson* v. *Ward*, 192 N. Y. 375.) '' (Pp. 317–318.) (In accord: *Clark Plastering Co.* v. *Seaboard Sur. Co.*, 259 N. Y. 424, 429; *Holzer* v. *Deutsche Reichsbahn-Gesellschaft*, 277 N. Y. 474, 478; *Perutz* v. *Bohemian Discount Bank in Liquidation*, 279 App. Div. 386, 389; *Rothstein* v. *Rothstein*, 272 App. Div. 26, 28, affd. 297 N. Y. 705; *Wertheim* v. *Clergue*, 53 App. Div. 122, cited with approval in *Gregonis* v. *Philadelphia & Reading Coal & Iron Co.*, 235 N. Y. 152, 159.)

In the *Rothstein* case this court wrote: '' While it is now settled that our courts will entertain common-law actions of a commercial nature between nonresidents, no decision has suggested that the court is without discretion to decline jurisdiction of actions between nonresidents which are of a nature or call for relief of a kind which makes it inconvenient or impractical for the court to act. The hospitality of our courts to nonresidents rests on comity and convenience (*Robinson* v. *Oceanic Steam Nav. Co.*, 112 N. Y. 315, 324). Thus, our courts are open to nonresidents in ordinary law actions for a money judgment, which are equally adaptable to our judicial process regardless of the residence of the parties. It is to be noted that every case called to our attention in which litigation between nonresidents has been entertained has been of this nature. This certainly does not mean that an action between nonresidents must be entertained when the forum is unsuitable to the accommodation of the parties and the subject of the litigation. (See *Wedemann* v. *United States Trust Co.*, 258 N. Y. 315.) '' (272 App. Div. 28.)

The *Rothstein* case has been recently cited on this precise point with approval by the Court of Appeals (*Bata* v. *Bata*, 304 N. Y. 51).

The policy reasons for the application of the doctrine of *forum non conveniens* were carefully delineated in *Marshall* v. *Sherman* (148 N. Y. 9). There it appears that the principal reasons for rejection of jurisdiction insofar as the court's convenience is concerned is the effectiveness of the remedies that the court may render (as in the *Rothstein* case, *supra*), and the distaste for and undesirability of enforcing statutory and revenue policies of other jurisdictions. The latter reasons turn upon the refusal to give extraterritorial effect to the sumptuary and regulatory laws of another jurisdiction.

While it is no longer true that our courts must accept jurisdiction in a transaction between nonresidents arising in contract (*Bata* v. *Bata*, 304 N. Y. 51, 56, *supra*), the fact is our courts

have entertained jurisdiction of transitory actions much more burdensome than would be the relatively simple commercial cause of action involved in this case (*Bata* v. *Bata*, 306 N .Y. 96).

(For a view contrary as to policy to that expressed here, see 29 Col. L. Rev. 1–34, and *Gulf Oil Corp.* v. *Gilbert*, 330 U. S. 501, applying doctrine in sustaining a United States District Court which had dismissed a complaint, but see dissenting opinion by Mr. Justice BLACK [p. 512, *et seq.*].)

There is potential incongruity in the policy expressed by the majority. Clearly, if the plaintiff in this case had obtained a judgment in Indiana and now sought to enforce that judgment in New York by attaching the nonresident debtor's property here the court would not reject jurisdiction.

Few, if any, of the policy reasons which apply to entertaining jurisdiction of tort actions between nonresidents for accidents which arose outside the State apply to a contract action. There may be in tort cases a desire to recover the larger verdicts that are supposed to be obtainable in a metropolitan area. It is possible to anticipate many such cases being brought here, but it is quite unlikely that commercial litigation would be similarly attracted in great volume. Experience shows that it has not. Moreover, it is notable that if the accident involving nonresidents occurred in New York we would, of course, entertain jurisdiction. Credit transactions are extended on the basis of the debtor's property and assets to be realized. In this case there is an asset in New York, presumably arising out of defendants' business transactions in New York. That is as good a nexus for entertaining jurisdiction as the situs of the accident when the parties thereto are nonresidents. Modern commerce being as widespread as it is, New York being a center of such commerce, it does not seem a march forward, but a step backward, to prevent a diligent commercial creditor from seeking out either his debtor or his debtor's assets where he may find them. A debtor should not be encouraged to make his assets partially immune by secreting them in our State, and while that is not the situation in this case, if our policy should become that of rejecting jurisdiction that may well become the situation in others.

From the authorities considered and from the very logic of the situation it does not appear that the discretion to retain or reject jurisdiction in transitory actions between nonresidents is one that may or should be exercised in individual cases or on a local basis, except in accordance with the standards suggested in *Bata* v. *Bata* (304 N. Y. 51, 56, *supra*). Involved is a discre-

tion that rests primarily in the State and in its judicial system and free from any mandate by reason of the Federal Constitution. This is the sense of the cases and particularly of the *Bata* case, cited immediately above, in which the exercise of discretion in this limited sense by the courts of first instance was regarded as subject to review by the Court of Appeals. Accordingly, as a matter of policy the discretion must be exercised in accordance with recent precedents and in the light of commercial convenience and, as quoted by the Court of Appeals in the *Bata* case last cited, " unless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed ". (304 N. Y. 51, 56.) Thus, commercial convenience, in which all the States participate on the basis of reciprocity and comity, will be best served. (See 21 C. J. S., Courts, § 77, and, e.g., *Thistle* v. *Halstead,* 95 N. H. 87; *Bethlehem Fabricators* v. *Watts Co.,* 286 Mass. 556; *Hogevoll* v. *Hogevoll,* 117 Mont. 528, and *General Motors Acceptance Corp.* v. *Ford,* 177 La. 1062.)

The order should be affirmed.

PECK, P. J., DORE and BASTOW, JJ., concur in *Per Curiam* opinion; BREITEL, J., dissents and votes to affirm in opinion, in which BERGAN, J., concurs.

Order reversed and the motion granted, with $20 costs and disbursements to the appellants. Settle order on notice. [See *post,* pp. 871, 1053.]