David **BLAKE** et al., Appellants,

v.

**CAPITOL GREYHOUND LINES**, a Corporation, Appellee.

No. 12098.

United States Court of Appeals, District of Columbia Circuit.

Argued Nov. 15, 1954.

Decided Jan. 13, 1955.

Kahl K. Spriggs, Washington, D. C., for appellants.

William E. Stewart, Jr., Washington, D. C., with whom Richard W. Galiher, Washington, D. C., was on the brief, for appellee. William J. Donnelly, Jr., Washington, D. C., entered an appearance for appellee.

Before WILBUR K. MILLER, PRETTYMAN and DANAHER, Circuit Judges.

DANAHER, Circuit Judge.

Appellants, citizens of New Jersey, assert that the District Court erred in dismissing their negligence action against the appellee, a foreign corporation doing business in the District of Columbia.

On July 14, 1950, the plaintiffs while passengers on a Greyhound bus were injured at Romney, West Virginia, when the bus collided with a trailer truck. The truck was owned by a West Virginia resident not a party to this action, and not amenable to process here. Appellant, David Blake, on July 14, 1952 commenced suit against the appellee in a state court of Indiana. With that case still pending, the present action, based upon the same facts, was commenced November 17, 1952. Appellant, David Blake, here sues in one count for his own injuries, and in another count, as father and next friend, he seeks to recover for injuries to his minor son, David Blake, Jr.

Appellee moved to dismiss on the grounds that: there was pending the prior action brought by the father alone in Indiana; the convenience of the parties and witnesses requires a trial in a jurisdiction other than the District of Columbia; appellee, if required to defend in the District, will be unable to join as third party defendant, the West Virginia resident, owner of the truck; and the substantive law of West Virginia will govern. Appellee's supporting affidavit set forth the foregoing facts and further that Capitol Greyhound Lines is a foreign corporation, engaged in carrying passengers for hire in the District of Columbia, New Jersey, West Virginia and elsewhere. After hearing, the District Court granted appellee's motion to dismiss.

■ This is a transitory tort action as to which the District Court may take jurisdiction. D.C.Code, § 11–306 (1951). Guilford Granite Co. v. Harrison Granite Co., 1903, 23 App.D.C. 1, 19–20. Jurisdiction is also asserted on grounds of diversity. 28 U.S.C. § 1332 (1952). Gulf Oil Corp. v. Gilbert, 1947, 330 U.S. 501, 504, 67 S.Ct. 839, 91 L.Ed. 1055.

■ Prior to the adoption of the 1948 Judicial Code if a court in the exercise of its discretion declined to entertain the action when the doctrine of forum non conveniens was invoked, dismissal was the only alternative. In the 1948 Judicial Code, a new and broader power was conferred upon the district courts, *in verba*: "For the convenience of parties and witnesses, *in the interest of justice*, a district court may transfer any civil action to any other district or division where it might have been brought." [1] (Emphasis supplied.) ". . . [A]s enacted, the legislation provides for a change of venue rather than for dismissal of the suit . . .." Burges v. Proctor & Gamble Defense Corp., 5 Cir., 1949, 172 F.2d 541, 542. In Moore's Commentary on the Judicial Code, § 0.03(29) at 201 we read: "But § 1404(a) does not authorize a dismissal for forum non conveniens; instead, when this doctrine is invoked, the action is to be transferred to a proper and more convenient venue." The author points out that venue chosen by a plaintiff might be very inconvenient for the defendant, for witnesses "and even for the plaintiff." At page 203 he continues: "A sensible treatment was to refrain from narrowing the choice of venue or from attempting to restrict the developed principles as to when a defendant is amenable to service of process, but to give the district court the power to exercise a broad discretion in light of all relevant factors and, where these warranted, to transfer, not dismiss, to a proper and more convenient forum. Subsection (a) of § 1404 has done this." And " 'any civil action' means what it says," Kilpatrick v. Texas & Pacific R. Co., 1949, 337 U.S. 75, 77,

1. 28 U.S.C. § 1404(a) (1952).

69 S.Ct. 953, 955, 959, 93 L.Ed. 1223. See also Ex Parte Collett, 1949, 337 U.S. 55, 69 S.Ct. 944, 959, 93 L.Ed. 1207, and United States v. Nat. City Lines, 1949, 337 U.S. 78, 80, 82, 69 S.Ct. 955, 93 L.Ed. 1226.

 Normally, "unless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed." Wiren v. Laws, 1951, 90 U.S.App.D.C. 105, 194 F.2d 873, 875. In the present case, neither the appellants nor any of the witnesses have been shown to have the slightest nexus with the District of Columbia. Nor has the appellee, except that it is doing business here as well as in many of the states. Still, if under these circumstances the District Court is persuaded that the action should not here be entertained, "in the interest of justice," at this late date, the action should not be dismissed—it should be transferred to any other appropriate district where it might have been brought. Moore, supra, at 209.

 We are not in position to determine what may be the appropriate forum. The selection of that forum lies within the discretion of the District Court upon a proper showing.[2]

The judgment dismissing the action is reversed and the case is remanded for further proceedings in accordance with this opinion.

Reversed and remanded.

---

2. See Trust Co. of Chicago v. Pennsylvania R. Co., 7 Cir., 1950, 183 F.2d 640, 647, 21 A.L.R.2d 238, and cases collected in 5 A.L.R.2d 1239, 10 A.L.R.2d 932, and New Supplement Service, Vol. 1–32, 1948–1954, 347. See also, Judge Kaufman's Observations On Transfers Under Section 1404(a), 1951, in 10 F.R.D. 595, United States v. E. I. DuPont De Nemours & Co., D.C., 1949, 83 F.Supp. 233; Richer v. Chicago R. I. & P. R. Co., D.C.E.D. Mo.1948, 80 F.Supp. 971; Scott v. New York Cent. R. Co., D.C.N.D.Ill.1948, 81 F.Supp. 815, 818, where possible choices for plaintiff were considered, and Banachowski v. Atlantic Refining Co., D.C. S.D.N.Y.1949, 84 F.Supp. 444.