Winifred G. GERETY, Plaintiff,

v.

INLAND NEWSPAPER REPRESENTA-
TIVES, Inc., Defendant.

United States District Court
S. D. New York.

Oct. 1, 1957.

See, also, 152 F.Supp. 31.

Samuel Mann, New York City, for plaintiff.

Gerald J. McMahon and C. Gordon Lamude, New York City, for defendant.

DAWSON, District Judge.

This is a motion made pursuant to § 1404(a) of Title 28 United States Code to transfer this action to the United States District Court for the Northern District of Illinois.

The moving papers establish, without contradiction by the plaintiff, that the plaintiff, who is domiciled in New York, is an employee or associate of plaintiff's counsel and is solely an assignee for the purpose of this suit. The real controversy appears, from the complaint and the papers submitted on this motion, to be one between plaintiff's assignor, Shannon & Associates, Inc., an Illinois corporation, and the defendant Inland Newspaper Representatives, Inc., also an Illinois corporation. Both these real parties in interest have their principal offices in Chicago, Illinois, although both have branch offices in New York. It is alleged that the principal witnesses will be Cyril G. Shannon, president of plaintiff's assignor, who is a resident of Illinois, and James H. Morrow, president of the defendant, also a resident of Illinois. It is also alleged that the original books, records and documents which will be needed at the trial of the action are principally in Chicago, Illinois.

The action was originally instituted in the City Court of the City of New York to recover damages for breach of contract in the amount of $5,000. The plaintiff then removed the action to the New York County Supreme Court for the purpose of increasing the amount in controversy from $5,000 to $12,500. An

amended complaint was served on May 3, 1957. Thereafter the defendant removed the action to this Court. The action has not yet been placed upon the trial calendar of this Court. Certain pre-trial proceedings have been instituted. In June, 1957 plaintiff served a notice for taking the deposition of the defendant's president. Thereupon defendant sought an order changing the place of the taking of the deposition from New York to Chicago, and for an order postponing the date of the taking of the deposition until the Court ruled upon defendant's proposed motion to transfer the action to Illinois. Judge Murphy refused to postpone the date for taking the deposition, but directed the deposition be taken in Chicago. Apparently counsel commenced taking this deposition in Chicago.

The motion papers are sufficient to convince the Court that the principal witnesses on each side are either in Illinois or are closer to Illinois than to New York, and that the principal documents needed at the trial of the action are in Illinois rather than New York, and that it would be more convenient for the parties and witnesses if the action were tried in Illinois rather than New York.

 Ordinarily, of course, the forum chosen by a plaintiff should not lightly be disturbed. Blake v. Capitol Greyhound Lines, 1955, 95 U.S.App.D.C. 334, 222 F.2d 25; Gulf Oil Corp. v. Gilbert, 1947, 330 U.S. 501, 67 S.Ct. 839, 91 L.Ed. 1055. However, we have in this case the undisputed statement that plaintiff succeeded in starting an action in this Court only by virtue of assigning its cause of action to an employee or associate of its attorney in New York for the purpose of suit, and that Miss Gerety, the plaintiff, has in fact no real interest in the suit. These statements in the moving affidavits have not been controverted. The Court will assume that if there had been any basis for controverting the statements the plaintiff would have controverted them.

If the action had been instituted between the real parties in interest, the two Illinois corporations, based upon a cause of action arising in Illinois, there would have been no jurisdiction in this Court, 28 U.S.C. § 1332, and the New York courts could have exercised their discretion to refuse jurisdiction on grounds of *forum non conveniens*. Bata v. Bata, 1952, 304 N.Y. 51, 105 N.E.2d 623; Central Pub. Co. v. Wittman, 1954, 283 App.Div. 492, 128 N.Y.S.2d 769; Catapodis v. Onassis, 1956, 2 Misc.2d 234, 151 N.Y.S.2d 39. See also Koster v. Lumbermens Mutual Casualty Co., 1946, 330 U.S. 518, 67 S.Ct. 828, 91 L.Ed. 1067.

Thus it appears that it would be for the convenience of parties and witnesses, and in the interest of justice, to transfer this action to the United States District Court for the Northern District of Illinois where the action might have been brought. The papers do not indicate that the trial of the action will be delayed materially over what might be the situation if the action remained in this District.

The motion is granted. Submit order on notice.