ERNEST L. WILLIAMS, Respondent, *v.* SEABOARD AIR LINE RAILROAD Co., Appellant.

First Department, December 1, 1959.

*William T. Sullivan* of counsel (*Mark F. Hughes* with him on the brief; *Willkie Farr Gallagher Walton & FitzGibbon,* attorneys), for appellant.

*Martin Heller* of counsel (*John M. Speyer* with him on the brief; *Greenhill & Greenhill,* attorneys), for respondent.

*Per Curiam.* This is an appeal from an order denying the defendant's motion to vacate the service of a summons and complaint upon the ground of *forum non conveniens.*

The action is one to recover damages under the Federal Employers' Liability Act (U. S. Code, tit. 45, § 51 *et seq.*) and the Safety Appliance Act (U. S. Code, tit. 45, § 1 *et seq.*). The accident occurred in Virginia. The plaintiff resides in Washington, D. C., and the defendant railroad, his employer, is a Virginia corporation. While the railroad has offices and transacts business in this State, its northern terminal appears to be in Virginia or in Washington, D. C. Beyond that point its trains operate on the tracks of other railroads. Most of the witnesses to the occurrence are nonresidents of New York and work principally in other jurisdictions.

Special Term held that our courts are without power to dismiss the action, and, therefore, the question of *forum non conveniens* is not reached. We must disagree. The Federal Employers' Liability Act (§ 6; U. S. Code, tit. 45, § 56) confers concurrent jurisdiction upon State and Federal courts. The United States Supreme Court has ruled that "Congress has exercised its authority over interstate commerce to the extent of *permitting* suits in state courts". (*Miles* v. *Illinois Cent. R. R. Co.,* 315 U. S. 698, 702.) Thus while we may take jurisdiction, there is a marked difference between a law which permits and one which compels State courts to do so in transitory actions. The question of compulsory acceptance of actions such as this was resolved in *Southern Ry. Co.* v. *Mayfield* (340 U. S. 1). In that case, Mr. Justice FRANKFURTER said: "Therefore, if the Supreme Court of Missouri held as it did because it felt under compulsion of federal law as enunciated by this Court so to hold, it should be relieved of that compulsion. It should be freed to decide the availability of the principle of *forum non conveniens* in these suits according to its own local law" (p. 5).

In applying the concept of *forum non conveniens,* the courts of this State have manifested a reasonable willingness to permit nonresident suitors in transitory nontort actions to avail themselves of the opportunity to resolve their differences in our forum (see *Bata* v. *Bata,* 304 N. Y. 51; *Wedemann* v. *United States Trust Co.,* 258 N. Y. 315; *Rothstein* v. *Rothstein,* 272 App. Div. 26, affd. 297 N. Y. 705). However, the convenience of the court, not that of the litigants, and practical considerations are the essential ingredients for the acceptance or the rejection of actions not otherwise mandated. (See *Pietraroia* v. *New Jersey & Hudson Riv. Ry. & Ferry Co.,* 197 N. Y. 434, 439; *Gregonis* v. *Philadelphia & Reading Coal & Iron Co.,* 235 N. Y. 152, 160;

*Murnan* v. *Wabash Ry. Co.,* 246 N. Y. 244; *Central Pub. Co.* v. *Wittman,* 283 App. Div. 492.)

In order to overcome our general policy to reject foreign actions based on negligence in the absence of special circumstances, the plaintiff urges that this case presents special circumstances calling for the exercise of discretion in favor of permitting the retention of the action here. Were we to accept the basis upon which the plaintiff predicates that claim, we would be subscribing to the suggestion that the courts of a sister State, in defiance of the Bill of Rights, would deny a litigant a fair and unbiased trial. The record is devoid of any credible proof to support the claim or to justify such a conclusion.

The plaintiff heretofore commenced an action for the same relief sought here in the United States District Court for the Eastern District of Pennsylvania. The plaintiff discontinued that action and it is a fair inference that he did so to avoid its removal to another Federal district. In addition to Pennsylvania, there are several other States as well as some Federal judicial districts which are geographically closer to the residence of the plaintiff, the place of the accident, or the State in which the defendant was incorporated than is New York.

The real issue here is whether a plaintiff in a Federal Employers' Liability Act case should be encouraged to shop around for a foreign forum which he believes will be more favorable to him than the courts in his home State. We do not believe that our judicial system will be improved by permitting suitors to transport their claims from place to place, absent special circumstances, and we are loath to approve the practice.

The order should be reversed with costs, on the facts and the law and in the exercise of discretion, and the motion granted.

BOTEIN, J. P., M. M. FRANK, VALENTE, McNALLY and STEVENS, JJ., concur.

Order unanimously reversed, on the law and on the facts and in the exercise of discretion, with $20 costs and disbursements to the appellant and the motion granted with $10 costs, and the Clerk is directed to enter judgment in favor of defendant dismissing the complaint with costs.