Chief Judge Desmond (dissenting).
The order should be reversed and the warrant of attachment reinstated since the complaint alleges a cause of action within the jurisdiction of the New York State courts.
If there had never been a Bretton Woods Agreement and if this were a suit to enforce in this State the revenue laws of Brazil it would have to be dismissed under the ancient rule most
*378 recently restated in City of Philadelphia v. Cohen (11 N Y 2d 401). But Cohen and its predecessor cases express a public policy which lacks applicability here because of the adherence of the United States to the Bretton Woods Agreement. As we noted in Perutz v. Bohemian Discount Bank in Liquidation (304 N. Y. 533, 537), the membership of our Federal Government in the International Monetary Fund and other Bretton Woods enterprises makes it impossible to say that the currency control laws of other member States are offensive to our public policy. Furthermore, the argument from City of Philadelphia v. Cohen (supra) and similar decisions assumes erroneously that this is a suit to collect internal taxes assessed by the Brazilian Government. In truth, it is not even an effort to enforce Brazil’s currency regulations. This complaint and other papers charge a tortious fraud and conspiracy to deprive plaintiff, an instrumentality of the Brazilian Government, of the dollar proceeds of coffee exports to which proceeds the bank and its government were entitled. This fraud, it is alleged, was accomplished by inserting in coffee shipping permits references to nonexistent exchange contracts and to nonexistent assignments to plaintiff of the foreign exchange proceeds of the coffee exports and by forging the signatures of banking officials and Brazilian officials, all with the purpose of making it appear that there had been compliance with the Brazilian statutes or regulations. The alleged scheme and effect of the conspiracy as charged was to obtain for defendant-respondent coffee in New York at a reduced price, to enable the Brazilian defendants to get more <( cruzeiros ” per dollar in violation of law and to deprive Brazil of the cruzeiros which it would have received from these coffee sales had the fraud not been committed. According to the complaint and affidavits defendant Israel not only knew of and intended to benefit by the perpetration of this fraud but participated in it in New York by making its purchase agreements here and by here receiving the shipping documents and making payments. The Israel corporation is alleged to have been one of the consignees of some 36,000 bags of coffee exported from Brazil to New York in 1961 without compliance with the Brazilian law and thus to have fraudulently and eonspiratorially caused to Brazil damage of nearly $2,000,000. Refusal to entertain this suit does violence to our national policy of co-operation with *379 other Bretton Woods signatories and is not required by anything in our own State policy.
Judges Van Voorhis, Foster and Scileppi concur with Judge Burice ; Chief Judge Desmond dissents in an opinion in which Judges Dye and Fuld concur.
Order affirmed, with costs. First question certified answered in the negative; second question certified answered in the affirmative.