GEORGE KATZ, Appellant, v. CHARLES S. LISTON, Respondent, et al., Defendants.

First Department, December 15, 1964.

*Morton Pepper* of counsel (*Joseph Sharfsin* with him on the brief; *Pepper & Pepper* and *Henry L. Bayles,* attorneys), for appellant.

*Anthony G. Di Falco* for respondent.

*Per Curiam.* At issue is the vacatur of a warrant of attachment levied on assets in this State and the consequent dismissal of the complaint in an action between nondomiciliaries on a contract made outside the State. Three separate objections to the attachment were made successfully at Special Term.

The order should be reversed.

There is sufficient alleged in the complaint and averred in the attachment affidavits to supply tenable claims for damages under the written agreement between the parties, especially with respect to ancillary promotions prior to the expiration date of the written agreement. That being the situation it is not incumbent on the court to make a definitive determination of the controverted merits (*Bard-Parker Co.* v. *Dictograph Prods. Co.,* 258 App. Div. 638, 640; cf. *Krellberg* v. *Gregory,* 10 A D 2d 824; see Tripp, A Guide to Motion Practice [rev. ed.], § 132; 7 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 6212.02).

Defendant Liston is not entitled to seek a vacatur of the attachment on the ground that title to the attached property is in third persons. This was the rule under the Civil Practice Act (Civ. Prac. Act, § 924; e.g., *Stern Corp.* v. *Silverman,* 257 App. Div. 394; *Empire State Collateral Co.* v. *Cassel Custards,* 29 Misc 2d 505; Tripp, *op. cit. supra,* § 137). Despite some change in language in the new practice statute, there has been no change in this respect (CPLR 6221; 7 Weinstein-Korn-Miller, *op. cit. supra,* pars. 6221.04, 6223.10). Such an attack may only be mounted by the third persons, who, in this case, happen to be closely affiliated by contract or stock ownership with defendant Liston.

Nor is defendant Liston's argument with respect to *forum non conveniens* substantial. Primarily, he relies upon *Central Pub. Co.* v. *Wittman* (283 App. Div. 492), decided by a closely divided court with a *Per Curiam* opinion and dissenting opinion tracing the history of the doctrine in this State with respect to tort and nontort actions. Actually, in the *Wittman* case, plaintiff eventually succeeded in sustaining the jurisdiction of the court, by establishing as real the suppositions made in the dissenting opinion, following a motion by plaintiff addressed to this court and a reference at Special Term (283 App. Div. 871). Later, this court denied defendant's motion to reargue the matter disposed of by reference to Special Term (283 App. Div. 1053).

Since the *Wittman* case this court has never applied its restrictive rationale to the effect that the court would not entertain jurisdiction of an action between nonresidents on a contract made and to be performed outside the State, without more, although occasion has offered the opportunity. At the same time, however, the unquestioned principle that the doctrine of *forum non conveniens* may be applied to nontort actions has been reiterated with citation on occasion, *inter alia,* of the *Wittman* case (*Williams* v. *Seaboard Air Line R. R. Co.,* 9 A D 2d 268, 269; *Catapodis* v. *Onassis,* 2 Misc 2d 234, 237). The restrictive rationale in the *Wittman* case has been applied, apparently, at least once at nisi prius (*Winmil Co.* v. *American Ins. Co.,* 35 Misc 2d 187).

With this history, it is evident that the *Wittman* rule has been narrowly applied, if ever. Assuming that the rule ever had vitality it has been ignored or confined to the facts of the case in which it was expressed (see, e.g., *Field* v. *Jordan,* 14 A D 2d 845). In this case, assuming that it were still necessary for there to be such a showing, there are ample factors legitimately motivating plaintiff to sue in this State, e.g., the presence of attachable assets here and the nonservability of defendant Liston in Pennsylvania, the State in which the nonserved non-appearing defendants are domiciled. Moreover, some of the promotional activities to which the agreements refer occurred in this State, and there has been an insufficient showing of embarrassment of the courts of this State to entertain the action.

Accordingly, the order, entered June 22, 1964, granting the motion of defendant Liston to dismiss the complaint and vacate a prior order of attachment on the ground that the court lacks jurisdiction and *forum non conveniens,* should be reversed, on the law, with costs to plaintiff-appellant and the motion denied.

BREITEL, J. P., RABIN, VALENTE, STEVENS and STEUER, JJ., concur.

Order, entered on June 22, 1964, unanimously reversed, on the law, with $30 costs and disbursements to the appellant, and the motion denied.