THOMAS J. BATA et al., Respondents, *v.* JAN A. BATA, Appellant.

Argued March 13, 1952; decided April 17, 1952.

*Henry Cohen* and *Beate Bloch* for appellant. I. The complaint should be dismissed, on the doctrine of *forum non conveniens.* (*Robinson* v. *Oceanic Steam Nav. Co.,* 112 N. Y. 315; *Severnoe Securities Corp.* v. *London & Lancashire Ins. Co.,* 255 N. Y. 120; *Wedemann* v. *United States Trust Co.,* 258 N. Y. 315; *Sauerbrunn* v. *Hartford Life Ins. Co.,* 220 N. Y. 363; *Rothstein* v. *Rothstein,* 272 App. Div. 26, 297 N. Y. 705; *Colorado State Bank* v. *Gallagher,* 76 Hun 310; *Wertheim* v. *Clergue,* 53 App. Div. 122; *Sternfeld* v. *Toxaway Tanning Co.,* 290 N. Y. 294; *Bata* v. *Bata,* 302 N. Y. 213; *Gulf Oil Corp.* v. *Gilbert,* 330 U. S. 501.) II. The Court of Appeals has power to review the ruling below. (*Long Park, Inc.,* v. *Trenton-New Brunswick Theatres Co.,* 297 N. Y. 174; *Burdick* v. *Freeman,* 120 N. Y. 420; *Sternfeld* v. *Toxaway Tanning Co.,* 290 N. Y. 294.)

*Inzer B. Wyatt* for respondents. I. The New York Supreme Court plainly has jurisdiction of this in personam action. It is of no significance that some of the property involved may be located outside New York. The first question certified should be answered "no". (*Holzer* v. *Deutsche Reichsbahn-Gesellschaft,* 277 N. Y. 474; *Meyers* v. *Credit Lyonnais,* 259 N. Y. 399; *Hutchinson* v. *Ward,* 192 N. Y. 375.) II. The Court of Appeals has no power to answer the second question certified because it does not present a "question of law", but rather a question of discretion. The second question certified should not be answered. (*Gregonis* v. *Philadelphia & Reading Coal & Iron Co.,* 235 N. Y. 152; *Wedemann* v. *United States Trust Co.,* 258 N. Y. 315; *Rothstein* v. *Rothstein,* 272 App. Div. 26, 297 N. Y. 705; *Gray* v. *Vought & Co.,* 243 N. Y. 585; *Los Angeles Investment Securities Corp.* v. *Joslyn,* 282 N. Y. 438; *Braunworth* v. *Braunworth,* 285 N. Y. 151; *Mencher* v. *Chesley,* 297 N. Y. 94; *Bata* v. *Bata,* 302 N. Y. 213.) III. The character of the controversy makes it particularly appropriate that New York, as the center of international trade and finance, should

exercise its discretion to retain jurisdiction. IV. A forum more appropriate than New York has not been shown. (*Gulf Oil Corp.* v. *Gilbert,* 330 U. S. 501.) V. The Court of Appeals lacks power to review the discretionary exercise of jurisdiction below. (*Long Park, Inc.,* v. *Trenton-New Brunswick Theatres Co.,* 297. N. Y. 174; *Sauerbrunn* v. *Hartford Life Ins. Co.,* 220 N. Y. 363; *Wedemann* v. *United States Trust Co.,* 258 N. Y. 315.)

DESMOND, J. Plaintiffs are the widow and son, and defendant is the half brother, of Thomas Bata who died a citizen and resident of Czechoslovakia, in 1932. Plaintiffs live in Canada, defendant in Brazil. During his lifetime, Thomas Bata was the principal officer (and, say plaintiffs, the sole owner) of a world-wide shoe manufacturing business, which was carried on through a number of corporations and companies, organized under the laws of many States and countries, one of them being a New York corporation. The complaint in this action says that after Thomas Bata's death, defendant, who had been employed in the business, became its manager and executive director, with the consent of plaintiffs. Plaintiffs claim to be, under the laws of Czechoslovakia, the heirs and "universal successors" of Thomas Bata. The complaint alleges that the widow was inexperienced in business and that the son was a minor, and that they reposed great confidence in defendant, but that he, violating his duty to them, obtained and retains various certificates representing Thomas Bata's ownership in some of the companies, that he (defendant) has illegally obtained for himself other newly issued stock in said companies, that he has organized new corporations to carry on the Bata business and has had their stocks issued to himself, that he has taken for his own use moneys belonging to the Bata companies, that he has wrongfully asserted individual ownership in himself of all the shareholdings which were the property of Thomas Bata at the latter's death, and has refused plaintiffs' demand that he turn over such shares to plaintiffs or to account for them, or for their earnings or proceeds. The prayer for judgment demands that defendant be declared to hold all the property formerly of Thomas Bata, and its accretions, in trust for plaintiffs, that he be required to account to plaintiffs for the Bata businesses and their proceeds,

and that he deliver and pay over to plaintiffs all such property and its proceeds.

The summons in this action was served (in April, 1949) on defendant in New York City, while he was attending a stockholders' meeting of the New York Bata corporation, at a time when, he says, he had come to New York to prepare for the trial of another action, to which we will refer.

Defendant did not answer the complaint herein, but moved to dismiss it on the ground that the court has no jurisdiction over the subject matter of the action, or, in the alternative, that the court decline to entertain jurisdiction. Although the first of those grounds asserts an absolute lack of subject-matter jurisdiction, and the first of the Appellate Division's two questions certified to us deal with that assertion, defendant does not press it here. Since such jurisdiction is clearly present (*Holzer v. Deutsche Reichsbahn-Gesellschaft,* 277 N. Y. 474, 478), we will say no more about it, except to answer the first certified question in the negative.

The second certified question is this: '' Did the Appellate Division err in affirming the order of Special Term denying defendant's motion to dismiss complaint upon the ground that the Supreme Court should not exercise jurisdiction of this action? '' Respondent insists that this question has to do with a mere exercise of discretion by the courts below, and that we, accordingly, are without power to answer it. Of course, when a court, on the ground of *forum non conveniens,* dismisses an action which it could entertain, it is exercising a discretionary power (*Rothstein v. Rothstein,* 272 App. Div. 26, affd. 297 N. Y. 705). But where, as here, there is a refusal to dismiss, a true question of law may result: that is, the question of whether there has been a violation of a fundamental policy as to the exercise of jurisdiction, in other words, an abuse of discretion (see *Langfelder v. Universal Laboratories,* 293 N. Y. 200; *Burdick v. Freeman,* 120 N. Y. 420, 425, 426). It is the practice of this court so to interpret a certified question (like the one quoted at the beginning of this paragraph) as to present a problem of law, not a review of a purely discretionary decision (see *Epstein v. National Transp. Co.,* 287 N. Y. 456. 461, and cases cited in Cohen and Karger, Powers of the New York Court of Appeals, p. 378, n. 91, 92). Taking that

approach to this appeal, we treat this second certified question as an inquiry as to whether the courts below had power, under New York rules as to *forum conveniens aut non conveniens*, to take this case.

So many of the cases applying the *forum non conveniens* doctrine are in tort, that it was thought, or held, at one time that only tort cases felt the doctrine's impact (see *Gregonis* v. *Philadelphia & Reading Coal & Iron Co.*, 235 N. Y. 152, 159, citing *Furbush* v. *Nye*, 17 App. Div. 325). However, it is now clear that the courts have power, in contract and other kinds of property litigation between nonresidents, to decline, as well as to accept, jurisdiction (*Wedemann* v. *United States Trust Co.*, 258 N. Y. 315; *Rothstein* v. *Rothstein*, 272 App. Div. 26, affd. 297 N. Y. 705, *supra*; see *Gulf Oil Corp.* v. *Gilbert*, 330 U. S. 501, 509). The doctrine then, is not necessarily inapplicable to cases like the present one, and so we must examine into the particular circumstances here to see whether they are such as to make the Supreme Court of New York County an inappropriate forum for the trial of the cause.

Defendant points out that it is the " convenience " of the court, and not that of the parties, which is the primary consideration (see *Pietraroia* v. *New Jersey & H. R. R. & F. Co.*, 197 N. Y. 434, 439). The reason for rejecting certain suits between nonresidents is one of public policy: " that our courts should not be vexed with litigations between non-resident parties over causes of action which arose outside of our territorial limits " (*Robinson* v. *Oceanic Steam Nav. Co.*, 112 N. Y. 315, 323–324). However, since there is no absolute prohibition against such suits, and since jurisdiction in a suit between nonresidents may exist both as to defendant's person and as to subject matter, the countervailing considerations as to appropriateness, or not, of our forum, must be examined in each case, and, " unless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed " (*Gulf Oil Corp.* v. *Gilbert, supra*, p. 508). This defendant, as reasons for dismissal, points first, to the necessity, on this trial, of applying the laws of a number of foreign countries, some of them civil law jurisdictions; second, to the necessity for the appearance of witnesses from many lands; third, to the unreasonable burden on our courts of trying so large a case with so

little local connection; fourth, to the alleged unenforcibility of any judgment entered in New York against this nonresident defendant; fifth, to the relative smallness of the Bata assets in New York State (most of those assets being, apparently, in Brazil, as the Appellate Division's opinion remarks), and, finally, to the supposed hardship on defendant of trying the case here.

Plaintiffs, on the other hand, tell us that there is valuable Bata property in New York, including about $16,000 in a bank, a residence property, and business records and documents. They point out that one of the Bata corporations is incorporated under our laws, and has an office here, at which office defendant was served with process. We are reminded, too, that there are pending in the New York courts two other litigations between these parties, one of which has already been tried and reviewed by the Appellate Division (see 279 App. Div. 182), and other lawsuits involving Bata assets or interests, in which defendant is a party, but not plaintiffs. Plaintiffs say, and not unreasonably, that this is a most unusual case in which, with the assets scattered all over the world, there is no one " appropriate " forum, and that the difficulties and inconveniences listed by defendant would be found, in greater or less number, in any suit brought anywhere to determine these issues. In other words, much of the " inconvenience " is not local, but inherent in the situation out of which the lawsuit arises. As to enforcibility of a probable judgment, we note that part of the relief prayed for is a declaration of rights, an adjudication which, in the strict sense, is not " enforcible " at all.

We realize that this suit may, when it comes to trial, be found to involve property, transactions and laws almost entirely foreign to New York State. Nevertheless, on the record before us, we cannot say that there was no basis at all for retaining jurisdiction here.

The order should be affirmed, with costs, and both questions certified answered in the negative.

Loughran, Ch. J., Lewis, Conway, Dye, Fuld and Froessel, JJ., concur.

Order affirmed, etc.