MARY A. TAYLOR, as Administratrix of the Estate of FRANK E. TAYLOR, Deceased, Appellant, *v.* INTERSTATE MOTOR FREIGHT SYSTEM, Respondent.

Argued November 16, 1955; decided February 17, 1956.

*John P. Cox, William J. Flynn, Joseph Swart* and *Edward J. Murty, Jr.,* for appellant.   I. Final determination of proper exercise of discretion rests with this court.   (*Matter of Flagler,* 248 N. Y. 415; *Matter of Oystermen's Dock Co.* v. *Downing,* 258 N. Y. 156; *Nelson* v. *Hersch,* 264 N. Y. 316; *Bata* v. *Bata,* 304 N. Y. 51; *Karlin* v. *Karlin,* 280 N. Y. 32; *People* v. *Parkin,* 263 N. Y. 428.)   II. The existence of special circumstances justifies retention of tort actions by New York State courts. (*Murnan* v. *Wabash Ry. Co.,* 246 N. Y. 244; *Yesuvida* v. *Pennsylvania R. R. Co.,* 200 Misc. 815.)   III. Special circumstances have previously been held to justify retention of tort actions. (*Salomon* v. *Union Pacific R. R. Co.,* 197 Misc. 272; *Williamson* v. *Palmer,* 181 Misc. 610; *Randle* v. *Inecto, Inc.,* 131 Misc. 261.) IV. The record reveals special circumstances which throw the balance in favor of plaintiff.

*John F. Canale* and *Mortimer Allen Sullivan* for respondent. I. Final determination of proper exercise of discretion rests with this court.   II. The unanimous opinion of the Appellate Division is correct and should be affirmed.   (*de la Bouillerie* v. *de Vienne,* 300 N. Y. 60; *Wedeman* v. *United States Trust Co. of N. Y.,* 258 N. Y. 315; *Murnan* v. *Wabash Ry. Co.,* 246 N. Y. 244; *Yesuvida* v. *Pennsylvania R. R. Co.,* 200 Misc. 815; *Gregonis* v. *Philadelphia & Reading Coal & Iron Co.,* 235 N. Y. 152; *Brandao* v. *United Fruit Co.,* 183 Misc. 683; *Collard* v. *Beach,* 81 App. Div. 582; *Robinson* v. *Oceanic Steam Navigation Co.,* 112 N. Y. 315.)   III. There are no special circumstances existing in the present case to warrant the trial of this action in the courts of the State of New York.

*Per Curiam.*   This action was brought by plaintiff to recover for the wrongful death of her husband as a result of a collision

which occurred in the State of Ohio. Decedent was the driver of one of two tractor-trailer trucks involved in the accident. He resided in Pennsylvania.

The tractor-trailer truck driven by the decedent was owned by New York Car Carriers, Inc., a New York corporation having its office in Buffalo, New York. He was an employee of New York Car Carriers, Inc. He reported to and was paid by the Buffalo, New York, office of the New York Car Carriers, Inc. At the time of the accident, the decedent was engaged in the course of his employment. The decedent's widow and children have been awarded benefits by the Workmen's Compensation Board of the Department of Labor of New York State.

The other tractor-trailer truck was owned by Interstate Motor Freight System, a Michigan corporation, the defendant. A certificate of authority to do business in New York State had been issued to Interstate upon its statement and designation, making the Secretary of State its agent for the purpose of accepting service. Interstate had an office for the transaction of business in the city of Buffalo, New York. It transacts its trucking business throughout the State. Service of the summons was made on the Secretary of State.

On February 9, 1954, under section 29 of the Workmen's Compensation Law, Michigan Mutual, the insurer, served a notice upon the widow to commence a third-party action against any other party responsible for her husband's death. Her failure to commence her action before March 11, 1954, would operate to assign her cause of action to Michigan Mutual, the insurer.

Mrs. Taylor commenced this action on March 9, 1954. By respective statutes, the time within which to commence an action in Pennsylvania expired on October 1, 1953, and in New York, Ohio and Michigan, on September 30, 1954.

Special Term denied the motion of the defendant to vacate service of the summons and complaint and to dismiss the action, finding special circumstances warranting the exercise of discretion in favor of assuming jurisdiction of the suit. The Appellate Division reversed the order of Special Term upon the ground that " Special Term exceeded its discretionary power in this case ".

The statement by the Appellate Division that this reversal was '' on the law '' (as well as in discretion) and other statements in its opinion suggest to us that the Appellate Division believed that there was a controlling and inescapable public policy mandating dismissal. There does exist a public policy against entertaining such suits between nonresidents but '' there is no absolute prohibition against such suits '' (*Bata* v. *Bata,* 304 N. Y. 51, 56). The power to dismiss is still a discretionary one (*Bata* v. *Bata, supra,* p. 55). Where there are special and unusual circumstances such as are here shown without dispute and favoring acceptance of the suit, those special and unusual circumstances must be given adequate consideration.

The judgment of the Appellate Division should be reversed and the case remitted to that court for further proceedings not inconsistent with this opinion.

CONWAY, Ch. J., DESMOND, FROESSEL, VAN VOORHIS and BURKE, JJ., concur in *Per Curiam* opinion; DYE, J., taking no part.

FULD, J., concurs in the following memorandum: I agree with the court's decision, understanding it, as I do, as a remission to permit the Appellate Division to exercise its discretion fully and independently.

Judgment reversed, etc.