■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. LESLIE E. ROCKWELL, Appellant.— Motion to appeal on original record and handwritten briefs denied on the ground that the application to the Supreme Court, Erie County, was one for resentence although entitled as one in the nature of *coram nobis*. The relief asked was for " a proper sentence as a first offender ". The order on a motion for resentence only is not appealable. (See *People* v. *Sidoti*, 1 A D 2d 232.)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. PERRY E. WILLIAMS, Appellant.— Application to serve notice of appeal on District Attorney under section 524-a of the Code of Criminal Procedure granted providing service is made within thirty days after date of order herein; if notice of appeal is so served, motion to appeal on original record and handwritten briefs is granted.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. FRANK MORGAN, Appellant.— Motion to enlarge time and for other relief denied; motion to dismiss appeal granted.

## (March 14, 1956)

■ MARY A. TAYLOR, as Administratrix of the Estate of FRANK E. TAYLOR, Deceased, Respondent, v. INTERSTATE MOTOR FREIGHT SYSTEM, Appellant.— Upon remission from the Court of Appeals (309 N. Y. 633), order reversed as a matter of discretion, without costs of this appeal to either party and motion granted, without costs. Memorandum: This matter was remitted to this court by the Court of Appeals for further proceedings not inconsistent with the opinion of that court. In conformance with said opinion, we have considered the matter as being one determinable as a matter of discretion only. In our previous memorandum (285 App. Div. 1010) we said: " The Special Term denied the motion, as a matter of discretion by reason of ' special circumstances '. Whether the courts will take jurisdiction of cases involving nonresidents is a matter of discretion and comity." Here, the accident occurred in the State of Ohio. The plaintiff and the defendant are respectively residents of Pennsylvania and Michigan. We find no special circumstances which should impel the Supreme Court of this State to take jurisdiction. We recognize that, although there is a public policy against entertaining such suits in our courts under the circumstances presented, there is no absolute prohibition in that respect and that the determination to entertain jurisdiction or not to entertain jurisdiction is a discretionary matter. Exercising our discretion fully and independently, we must reverse the order of Special Term as a matter of discretion and grant the motion as a matter of discretion. All concur. (Appeal from an order of Erie Special Term denying a motion by defendant to vacate service of summons and complaint.) Present — McCurn, P. J., Vaughan, Kimball and Wheeler, JJ. [See 2 A D 2d 646.]

■ In the Matter of FREDERIC C. BARNS, Appellant, against LEONARD C. MURPHY et al., Respondents.— Order affirmed, without costs of this appeal to any party. All concur. (Appeal from an order of Oneida Supreme Court confirming the report of the Official Referee, vacating a previous order insofar as it contained directions to the town board, and dismissing the petition.) Present — McCurn, P. J., Vaughan, Kimball, Wheeler and Williams, JJ.