Vincent A. Lupiano, J.
Defendant moves to dismiss the complaint on the ground that this court is forum non conveniens or, in the alternative, to vacate plaintiff’s notice to examine defendant before trial. The summons was served on May 8, 1956. It appears that plaintiff is a California corporation, is wholly owned by a person who claims to be a resident of the State of New York. It is not authorized to do business in this State. Plaintiff’s corporate powers had been suspended by the Secretary of State of California for failure to pay franchise taxes. Defendant moved to dismiss the action on the ground that plaintiff was not sui generis. Plaintiff could not, under California law, maintain an action until its corporate powers were revised. During the pendency of the motion, plaintiff paid its franchise taxes and a certificate of revival was secured.
Defendant answered and interposed a counterclaim. Issue was joined on October 8,1956 by plaintiff’s reply to the counterclaim. On April 18, 1957, plaintiff demanded a bill of particulars from defendant. The bill was served on August 16, 1957. Defendant then demanded á bill of particulars from plaintiff. *911 On February 19, 1958, defendant moved for an order of preclusion by reason of plaintiff’s failure to comply with the demand. The bill was served on March 20, 1958.
The gravamen of the complaint is breach of a contract. The bill of particulars reveals the fact that the contract was oral, made in the State of California and to be performed there. It is claimed that all of the necessary witnesses are residents of California.
Defendant commenced an action in California against this plaintiff. One of the defenses interposed in that action is that the instant action would be determinative of the California action. Plaintiff argues that the doctrine of forum non conveniens has no applicability to a cause of action in contract. Such contention is untenable. In Bata v. Bata (304 N. Y. 51, 56) the court said: “However, it is now clear that the courts have power, in contract and other kinds of property litigation between nonresidents, to decline, as well as to accept, jurisdiction”. Unless the balance is strongly in favor of the defendant, the plaintiff’s choice of forum should rarely be disturbed (see Gulf Oil Corp. v. Gilbert, 330 U. S. 501).
The court is mindful of the authorities which hold that our courts should not be vexed with litigation between nonresidents over causes of action which arose outside our limits and with the consideration of which the interests of justice will be better served. The defendant has made the application more than two years since the action was commenced. He has participated in the action to the extent above indicated. It seems to me that defendant through his counterclaim has chosen this forum to litigate all of the issues and should be treated as a nonresident plaintiff. The motion to dismiss the complaint is denied. The branch of the motion dealing with the vacatur of the notice of examination before trial is likewise denied. However, the defendant may be examined 10 days prior to the date when the cause is reached for trial. The plaintiff will be permitted to file a statement of readiness, together with its note of issue placing the cause upon the calendar for trial.
Settle order.