■ THOMAS V. GLENDON, Appellant-Respondent, v. PATRICIA E. GLENDON, Respondent-Appellant. (Action No. 1.) THOMAS V. GLENDON, Respondent, v. PATRICIA E. GLENDON, Appellant. (Action No. 2.) — In two actions, one to declare the nullity of a decree of divorce obtained by the defendant in the State of Nevada (Action No. 1); and one to recover damages for breach of contract and fraud (Action No. 2), in which plaintiff moved to consolidate both actions and for leave to serve a single complaint embracing both; and in which the defendant cross moved: (a) to quash the summons in each action on the ground that, at the time of service upon her, she was immune from such process; (b) to dismiss Action No. 1 on the further ground that both parties were then nonresidents; and (c) to dismiss Action No. 2 on the further ground of *forum non conveniens,* the parties cross appeal as follows from an order of the Supreme Court, Kings County, entered November 20, 1964: (1) The plaintiff appeals from so much of said order as: (a) denied (as academic) his motion to consolidate the two actions and to serve a single complaint; (b) granted defendant's cross motion to dismiss Action No. 1 and directed judgment in her favor accordingly; and (c) directed him to serve an amended complaint in Action No. 2 without allegations pertinent to declaratory relief. (2) The defendant appeals from so much of said order as denied her cross motions: (a) to dismiss Action No. 2; and (b) to quash the summons in each action. Order modified on the facts and in the exercise of discretion: (1) by deleting the third and fourth ordering paragraphs; and (2) by substituting therefor a new decretal paragraph providing for dismissal of Action No. 2, with costs; and, as so modified, the order, insofar as appealed from by the respective parties, is affirmed, without costs. While we agree that the service of the summons in Action No. 2 was valid, it is our opinion that that action should have been dismissed, in the proper exercise of discretion, on the ground of *forum non conveniens.* New York State has no interest in the parties or in the outcome of their action. Neither convenience nor practical considerations are served by permitting the action to be prosecuted in the courts of this State (cf. *Williams* v. *Seaboard Air Line R. R. Co.,* 9 A D 2d 268, 269; *Bata* v. *Bata,* 304 N. Y. 51, 56; *Taylor* v. *Interstate Motor Frgt. System,* 309 N. Y. 633). We see no reason to burden our courts with the controversy. Beldock, P. J., Hill and Benjamin, JJ., concur; Christ and Rabin, JJ., dissent as to Action No. 2 and vote to affirm the order in its entirety, with the following memorandum: Action No. 2, which the majority dismisses in the exercise of discretion on the ground of *forum non conveniens,* seeks the recovery of damages for breach of contract and for fraud. Although neither party is presently a New York resident, it is

claimed that in 1958 defendant (the wife) induced plaintiff (the husband) to pay their son's tuition in a Brooklyn school and to pay the rent for her Brooklyn apartment on the misrepresentation that she would return from Rhode Island to Brooklyn. Plaintiff claims that this contract, misrepresentation, breach of promise and fraud all occurred in New York. Plaintiff further urges that the claim and the damages will be proven by the officials of the Brooklyn school, the Brooklyn landlord and defendant's own parents who still reside in New York. Under such circumstances, this court should not interfere with the proper exercise of discretion at Special Term. There are "practical considerations" which justify the entertainment of this action by the courts of this State (*Taylor* v. *Interstate Motor Frgt. System,* 309 N. Y. 633; *Bata* v. *Bata,* 304 N. Y. 51).