Chief Judge Fuld.
A Boeing 707 type aircraft, on a flight from Bio de Janerio, Brazil, to Los Angeles, California, crashed while attempting to land in Lima, Peru, op. November 27, 1962. AH of the passengers, including the plaintiffs’ decedents — Zqltan Varkonyi, a national of Hungary, residing in Brazil at the time of his death, Edward Faulkner, a British national, and Carlos Alvarez, a Mexican national—were hilled. These actions for wrongful death followed- They were brought in the Supreme Court, New Yorb County, against the airline — S. A. Varig, a corporation chartered in Brazil but doing business in this State—and its New York subsidiary, Varig Airlines, fnc., as well as against the manufacturer of the plane—the Boeing Company, a corporation chartered in Pelaware and also d°rag business in New York. The plaintiffs were, respectively, residents of Hungary, (3-reat Britain and Florida,
Invoking this State’s general policy against burdening its courts with foreign-based actions between nonresident parties (see Bata v. Bata, 304 N. Y. 51, 56), the defendants S. A. Varjg and Boeing moved to dismiss the complaints on the ground of forum non conveniens. In support of their motions, they also urged that they would he subjected to the hardship of bringing witnesses from far-off places and that the New York courts would he required to interpret and apply foreign law with which they were unfamiliar.
Although recognizing the general policy against entertaining such suits in thifs forum, the court at Special Term denied the motions on the ground that “ special circumstances ” were presented which warranted the retention of jurisdiction- The court pointed out that there was no forum other than New York fn which suit could be brought against both the airlipe and the manufacturer of the plane and that “ (pjro'of of tpe issue of manufacturer’s liability may be inseparably connected with proof on the issue of faulty operation and maintenance.” It further noted that other actions against these defendants, based on the same plane crash, were pending in the Federal and State courts in New York and that there had already been extensive discovery proceedings in the Federal court actions-
A divided Appellate Bivision reversed Special Term’s order, on the law and facts and in the exercise of discretion, and dismissed the complaints on condition that the defendants stipulate *337 to waive the defense of the Statute of Limitations in any actions thereafter commenced by the plaintiffs in “a proper jurisdiction ”. The majority held that neither the unavailability of another forum in which both of the moving defendants could be joined nor the “ convenience of plaintiffs and their counsel ” were sufficient factors to justify burdening our courts with these suits. It ruled in this connection that “ ‘ it is the “ convenience ” of the court, and not that of the parties, which is the primary consideration ’ ”.
Since the defendant foreign corporations are doing business in this State, there is no statutory prohibition against the maintenance of these actions here (Business Corporation Law, § 1314, subd. [b], par. [5]). Our courts, however, are under no compulsion to add to their heavy burdens by accepting jurisdiction of a suit between nonresident parties on a cause of action having no nexus with this State. The question whether such a suit should be entertained is one which is in general committed to the discretion of the courts below, to be exercised by reviewing and evaluating all the pertinent competing considerations. (See Bata v. Bata, 304 N. Y. 51, 56-57, supra; Gulf Oil Corp. v. Gilbert, 330 U. S. 501, 507-509.) We will not, ordinarily, interfere with the Appellate Division's exercise of such discretion unless there has been an abuse of discretion as a matter of law. [1] Where, however, that court, in exercising its discretion, fails to take into account all the various factors entitled to consideration, it commits error of law reviewable by this court. (See, e.g., Taylor v. Interstate Motor Frgt. System, 309 N. Y. 633; de la Bouillierie v. de Vienne, 300 N. Y. 60; see, also, Cohen and Karger, Powers of the New York Court of Appeals, pp. 607-608.)
*338 Among the pertinent factors to be considered and weighed, in applying the doctrine of forum non conveniens, are, on the one hand, the burden on the New York courts and the extent of any hardship to the defendant that prosecution of the suit would entail and, on the other, such matters as the unavailability elsewhere of a forum in which the plaintiff may obtain effective redress and the extent to which the plaintiff’s interests may otherwise be properly served by pursuing his claim in this State. (See Bata v. Bata, 304 N. Y. 51, 56-57, supra; Gulf Oil Corp. v. Gilbert, 330 U. S. 501, 507-509, supra.) We held in the Taylor case (309 N. Y., at p. 636) that, where “ there are special and unusual circumstances ” favoring acceptance of a suit between nonresident parties based on an out-of-state tort, it is error of law for the Appellate Division to exclude consideration of such circumstances in deciding whether to exercise its discretion in favor of accepting or of rejecting jurisdiction. Similarly, in the cases before us, the special circumstances mentioned by Special Term, particularly the absence of any other forum in which both of the moving defendants could be joined, were factors which the Appellate Division was bound to take into account in exercising its discretion. In view of its disregard of these factors, its order cannot stand and the matter should be remitted to the Appellate Division for further consideration. (See Taylor v. Interstate Motor Frgt. System, 309 N. Y. 633, 636, supra.) Upon such remission, it is hardly necessary to add, that court will be free to make its own judgment on the basis of all the relevant factors.[2]
The order appealed from should be reversed, with costs, and the cases remitted to the Appellate Division for further proceedings in accordance with this opinion.

. Although there is some language in some of our opinions (see, e.g., Bata v. Bata, 304 N. Y. 51, 55, supra; Taylor v. Interstate Motor Frgt. System, 1 N Y 2d 925) which might be read as suggesting that we may review an issue as to abuse of discretion in such a case only where the courts below have exercised their discretion to accept or retam jurisdiction, there can be no doubt as to our power, as well, to review the question of abuse of discretion where the courts below have decided to reject or refuse jurisdiction. (See, e.g., Aetna Ins. Co. v. Creole Petroleum Corp., 19 N Y 2d 682; Ginsburg v. Hearst Pub. Co., 5 N Y 2d 894; Langfelder v. Universal Labs., 293 N. Y. 200, 206; cf. Allen v. Crowell-Collier Pub. Co., 21 N Y 2d 403, upholding our jurisdiction to review an issue as to abuse of discretion on appeal from a nonfinal order denying a discretionary remedy; see, also, Cohen and Karger, Powers of the New York Court of Appeals, p. 377.)

. It may be appropriate for the court, in reaching its decision, to take note of the additional circumstance (apparently undisputed) that the plaintiff in the Alvarez action recently became a resident of New York State.