Keating, J. (concurring in part and dissenting in part).
I agree with the majority that a reversal is required here. I would, however, reinstate the order of Special Term rather than remand the case to the Appellate Division. Since I believe that the majority opinion does not adequately deal with the important questions presented by this case and since I cannot *339 agree with the disposition, I take the liberty of setting forth my views at length.
On November 27, 1962 a Boeing 707 jet airliner en route from Bio de Janerio, Brazil, to Los Angeles, California, crashed while attempting to land for a scheduled stop in Peru. The passenger list of the plane was as international as its itinerary. Among those killed were Zoltán Varkonyi, a national of Hungary, residing in Brazil at the time of his death, Edward Faulkner, a British national and Carlos Alvarez, a Mexican national.
These actions for wrongful death were commenced in the Supreme Court (New York County) against the Boeing Company, a corporation chartered in Delaware but doing business in this State, S. A. Empresa De Viacao Airea Rio Grandense (S. A. Varig), a corporation chartered in Brazil, also doing business in this State, and Varig Airlines, Inc., a New York subsidiary of S. A. Varig.[1]
The defendants S. A. Varig and Boeing, demonstrating concern for the burden on courts of this State if the cases were tried here, moved to dismiss the causes of action maintained for the benefit of residents of two foreign nations (Hungary and Britain) and a sister State (Florida)[2] on the ground of forum non conveniens. The Supreme Court (Special Term) denied the motion. The court held that “ special circumstances ” were present which, in the interest of justice, required maintenance of the action here. The court noted that the doctrine of forum non conveniens presupposes the existence of a second more convenient forum and that no such forum was available against both defendants. A consequence of the dismissal under the peculiar facts presented here, the court stated, *340 would necessitate the commencement and trial of separate actions in Peru or Brazil against S. A. Varig and in Delaware against Boeing.
Such a result, the court noted, would not only work great hardship and expense upon the widow, children and other survivors of those killed but would also interfere with the orderly adjudication of the actions. The actions here involve complex questions with respect to the construction of the airliner on the part of Boeing and its operation by S. A. Varig. Special Term foresaw the necessity of having all the issues tried and resolved by one court. “ Otherwise each defendant may point to the other as being responsible for the accident; and the plaintiff, a widow residing in Europe, with limited means, would have the burden of pursuing her proof against one defendant in North America and against the other defendant in South America. Employees of one defendant who might be essential as witnesses in the trial against the other defendant would be beyond the process of the court trying each action. Proof of the issue of manufacturer’s liability may be inseparably connected with proof on the issue of faulty operation and maintenance.”
With regard to the burden on the defendants, Special Term noted that both defendants transact business in this State and that S. A. Varig airliners have regularly scheduled flights to and from New York; that Boeing, which is one of the world’s largest producers of aircraft, maintains a world-wide service organization and a large staff of employees devoted to the investigation of accidents involving its equipment. Moreover, there are nine other actions arising out of the same disaster pending in the Federal courts in New York City and the court noted that “ [t]here have been extensive discovery proceedings in the Federal Court actions, in which thousands of pages of technical data, documents, manuals and reports have been produced, and were and are being examined, and in which the extensive depositions of five witnesses, employees of Varig and Boeing, have been taken in the City of New York, with more being scheduled. It has been agreed by and between the attorneys for the parties hereto, who are the same attorneys in all of the actions, both State and Federal, that preparation and discovery, including depositions and examinations before trial, were- to be con *341 solidated in order to save time and expense to the parties and to the court.”
Considering all these factors, the court concluded that the action should be entertained by the courts of this State.
The Appellate Division (First Dept.), with one Justice dissenting, reversed the order of Special Term on the law, facts and in the exercise of discretion and dismissed the complaints upon the condition that the defendants stipulate that they will not plead the Statute of Limitations as a defense but will waive such defense in any actions commenced by plaintiffs in a proper jurisdiction provided that the respective plaintiffs commence any such actions within 90 days after the entry of the order.
The Appellate Division held that it was the general policy of the courts of this State, in the absence of special circumstances, to reject actions between nonresidents founded upon tort where the cause of action arose outside the State. The court found no special circumstances here — the term was not defined in its opinion—which warranted the retention of the action. The sole reason for the maintenance of the action here related to the convenience of the plaintiffs and that it was the convenience of the court and not that of the plaintiffs which was the determinative factor.
On this appeal the plaintiffs argue that Special Term correctly determined that there were special circumstances warranting the retention of jurisdiction and that the Appellate Division’s dismissal was error as a matter of law.
The plaintiffs’ argument is clearly correct and there is no basis for the court’s refusal to reinstate the order of Special Term.
Essentially two questions present themselves in every case involving suits between nonresidents on causes of action having no significant nexus with this State. The first is whether, despite the general policy considerations which militate against burdening the courts of this State with such actions, the circumstances are such that the interests of justice or other significant policy considerations warrant the retention of jurisdiction. The second consideration is whether—assuming the case is one of the kind described above — it is practically more feasible to try the action here rather than in another jurisdiction. With respect to this aspect of the problem it has been held that “ unless the balance is strongly in favor of the defendant, the plaintiff’s choice of *342 forum should rarely be disturbed (Gulf Oil Corp. v. Gilbert, 330 U. S. 501, 508 [1947]; Bata v. Bata, 304 N. Y. 51 [1952]).
In the present cases there is no dispute that from the practical standpoint, i.e., the availability of witnesses, enforcibility of judgment, and the burden on the defendants, no problem is presented by the retention of jurisdiction. Indeed, the trial of other actions in the Federal court in New York and the agreement of counsel to consolidate the pretrial proceedings make this forum particularly appropriate. In addition, it appears that there is yet another action with which the present actions have been consolidated which is on the Ready Calendar awaiting trial in the Supreme Court (New York County). Clearly this is the kind of case in which reasons of practicality and fairness to the defendants do not justify dismissal.
It is obvious then that the crucial issue relates to the first question posed — namely are there present here reasons arising out of the interests of justice or other policy considerations which warrant the retention of jurisdiction despite the absence of practical inconvenience? To state the matter as it is frequently put, are there “ special circumstances ” here which justify the retention of jurisdiction and the attendant inconvenience to our courts? The resolution of this question obviously turns upon the definition of “ special circumstances ” — a definition which I have not found in any of the lower court opinions. If the cases accepting jurisdiction are examined, however, they indicate that in all instances the court was moved by the injustice which would result to the plaintiff if our courts did not accept jurisdiction. Thus in Murnan v. Wabash Ry. Co. (222 App. Div. 833 [2d Dept., 1928]) jurisdiction was retained where the defendant was not subject to service of process in Connecticut where the plaintiff resided and it would have been financially burdensome for the plaintiff to sue in the State of the defendant’s incorporation. Similarly in Zucker v. Raymond Labs. (74 N. Y. S. 2d 7 [1947]) jurisdiction was retained where the plaintiff, a resident of Pennsylvania, who was injured there commenced his action in New York because the defendant, a Minnesota corporation, did not do business in Pennsylvania (see, also, Richter v. Chicago, Rock Is. & Pac. Ry. Co., 123 Misc. 234 [1924]; State of Yucatan v. Argumedo, 92 Misc. 547 [1915]; Williamson v. Palmer, 181 Misc. 610 [1943]).
*343 In the present cases, Special Term retained jurisdiction because it found that dismissal would work undue hardship and injustice. The . Appellate Division did not dispute Special Term’s findings— if the Appellate Division reversal on the facts intended to reverse this finding, it is without support in the record—but rather determined that the controlling consideration was the convenience of the court.
This is clearly erroneous and, indeed, is contradicted by other decisions of the same court. Thus in Field v. Jordon (14 A D 2d 845 [1st Dept., 1961]) the court found that the “ special circumstances ” which warranted retention of jurisdiction- included “ the fact that the defendant voluntarily came here in connection with the initial transaction which is the subject of the suit; that certain material witnesses are here; that the plaintiff would be subjected to a substantial disadvantage in the event he was relegated to an action in Brasil; and that New York law is applicable to the contract between the parties ”. (Emphasis added.) Similarly in Katz v. Liston (22 A D 2d 205 [1st Dept., 1964]) the court stated that “ the presence of attachable assets here and the nonservability of [the named] defendant in Pennsylvania, the State in which the nonserved nonappearing defendants [were] domiciled ” were “ ample factors legitimately motivating the plaintiff to sue in this State ” and that, therefore, that action should not be dismissed on the ground of forum non conveniens. (Emphasis added.)
Significantly, neither of the cases cited a single reason for burdening the courts of this State with the trial of actions involving nonresidents aside from those relating to the injustice and inconvenience a dismissal would cause the parties and the practical convenience of trying the cases here.
Moreover, if the controlling consideration in each case were the convenience of the court, as that term was employed in the case at bar, then it would be difficult to conceive of a case which justifies retention of jurisdiction, as our courts are always inconvenienced by the trial of actions having no relation to this State and its residents. If the court employed the term ‘ ‘ convenience of the court ” as it has evolved from the cases, it would equally not justify dismissal here. As Judge Bbeitel has written: “ [T]he principal reasons for rejection of jurisdiction insofar as the court’s convenience is concerned is the effective *344 ness of the remedies that the court may render * * * and the distaste for and undesirability of enforcing statutory and revenue policies of other jurisdictions. The latter reasons turn upon the refusal to give extraterritorial effect to the sumptuary and regulatory laws of another jurisdiction.” (Central Pub. Co. v. Wittman, 283 App. Div. 492,495 [dissenting opn., 1st Dept., 1954]). None of these factors are present here.
These cases are not like the ordinary ones in which plaintiff seeks to press litigation here rather than in the State of his residence or in another more convenient forum and has come here in anticipation of a high jury verdict or for other unjustifiable reasons. We are here concerned with plaintiffs — two of whom are aliens and cannot bring this action in their country of residence—whose only other recourse would involve serious expense, inconvenience and prejudice.[3] In this respect the case is similar to Bata v. Bata (supra) where we noted that “ the ‘ inconvenience ’ [of trying the case here] is not local, but inherent in the situation out of which the lawsuit arises ” (304 N. Y., p. 57). And it can, therefore, hardly be said that retaining jurisdiction here would open the floodgates to all sorts of litigation with which this State has no concern.
Since I conclude that there are special circumstances here which justify the retention of jurisdiction—a conclusion which the majority shares—I see no alternative to a reversal and reinstatement of the order of Special Term retaining jurisdiction. The rule is well settled, as the Appellate Division in the instant case recognized (27 A D 2d 731), that jurisdiction should be retained, once special circumstances are found to be present. The court held, however, that the circumstances in the instant case were not of the kind warranting the retention of jurisdiction. This holding is clearly erroneous.
The majority, however, has determined that the case must be remanded to the Appellate Division for that court to consider *345 " the special circumstances mentioned by Special Term”. Thefe is, however, no basis for the assumption by this court that the Appellate Division failed to consider " ‘ the special circumstances mentioned by Special Term”. The opinion of Special Term was before the Appellate Division, it was relied on by the dissenting Justice and, indeed, the memorandum of the Appellate Division indicates that it was clearly aware of the fact that a dismissal would result in serious inconvenience and prejudice to the plaintiffs. Moreover, the court was aware of the fact that another case—with which these cases were consolidated—was pending trial in New York County. The court, nevertheless, exercised its discretion to dismiss. That dismissal was error as a matter of law.
The majority’s reliance on Taylor v. Interstate Motor Frgt. System (309 N. Y. 633, 636) as authority for a remand rather than a reinstatement of the order of Special Term is clearly misplaced and results from the erroneous manner in which the court has disposed of the procedural question raised by the defendants.
The defendants, as their first point, argue that “ The decision below is purely discretionary, does not present a problem of law, and should, therefore, not be subject to further review”. In support of their argument they rely on Bata v. Bata (supra) where we were asked to answer a certified question with regard to the correctness of an order affirming a denial of a motion to dismiss. The plaintiffs in that case had argued that the question certified was unanswerable since it had to do with a mere exercise of discretion and that we were without power to answer it. We proceeded to deal with the argument in the following manner: “ [W]hen a court, on the ground of forum non conveniens, dismisses an action which it could entertain, it is exercising a discretionary power (Rothstein v. Rothstein, 272 App. Div. 26, affd. 297 N. Y. 705). But where, as here, there is a refusal to dismiss, a true question of law may result: that is, the question of whether there has been a violation of a fundamental policy as to the exercise of jurisdiction, in other words, an abuse of discretion ”. (304 N. Y., p. 55; emphasis added.)
The defendants note quite correctly that, while Bata v. Bata indicates that an appeal from an order of the Appellate Division retaining jurisdiction would be reviewable, we made it rather *346 clear that, where the appeal is from an order dismissing an action on the ground of forum non conveniens, we would be required to dismiss.
The Taylor case (309 N. Y. 633, supra), upon which the majority opinion relies in order to sustain a remand in the case at bar, was decided shortly after the Bata decision. There we were concerned with an appeal from an order dismissing a complaint and we remanded the appeal to the Appellate Division for reconsideration in light of the special circumstances which we held were present. We did not reverse and order that jurisdiction be retained because we, in fact, relied on the clear implication in Bata that we did not have the power to do so. Indeed, when the Appellate Division adhered to its original determination on remand we dismissed the subsequent appeal on the ground that the decision was not subject to review (see 1 N Y 2d 925).
It seems rather clear, now that the majority has properly decided to disregard what it judiciously refers to as “ some language in some of our opinions ’ ’ indicating that we would not have the power to review a case such as this, there is no longer any reason to follow the Taylor precedent. We should, therefore, reverse the order of the Appellate Division and reinstate the order of Special Term.
Judges Burke, Soileppi, Bergan, Breitel and Jasen concur with Chief Judge Fuld; Judge Keating dissents in part in a separate opinion.
Order reversed, etc.

. The Alvarez action did not name Varig Airlines, Inc. as a party defendant, and a motion to dismiss the complaint as against that corporation in the other two actions on the ground that it had no connection with the disaster was denied pending discovery proceedings. It is not a party to this appeal.

. The plaintiff in the Alvarez action was domiciled in Minnesota at the time of the accident. Subsequently she moved to Miami, Florida—allegedly to take courses at the University of Miami. At the time the action was commenced she was a resident of Florida, although the papers in opposition to the motion to dismiss stated that it was -her intention to move to New York within a year. The plaintiff’s brief alleges, and it is not disputed by either of the defendants, that the plaintiff in the Alvarez action is now a New York domiciliary.

. Since the plaintiff in the Alvarez action has now become a resident pf New York— a fact which is not part of the record but which is not disputed — she could, if the action was now dismissed, commence a new action in this State despite the fact that the Statute of Limitations has run (CPLR 205). That action could not be dismissed on the ground of forum non conveniens. (Gregonis v. Philadelphia & Reading Coal & Iron Co., 235 N. Y. 152 [1923]; de la Bouillerie v. de Vienne, 300 N. Y. 60 [1949].)