ANISOM CORPORATION, Appellant, v. BANQUE EXEL, S. A., Respondent.— Orders, Supreme Court, New York County, entered August 23 and 28, 1972, reversed, on the law, the motion of plaintiff-appellant for rehearing granted, and, on rehearing, the motion of defendant-respondent to vacate the attachment of June 15, 1972, denied, and the attachment reinstated, without costs and without disbursements. The attachment against defendant's assets here issued in a suit by plaintiff assignee, a domestic corporation, based upon a claim against defendant foreign corporation by plaintiff's assignor, also a foreign corporation, and which is the parent of its assignee, the latter being a wholly owned subsidiary. This relationship was not revealed to the court by plaintiff when defendant moved to vacate the attachment, resulting in the appearance of champertous acquisition of a claim such as is interdicted by section 489 of the Judiciary Law. Accordingly, vacatur was granted. The reason assigned for not having at first revealed the relationship between assignor and assignee was plaintiff's "belief that the burden of proof with respect to the alleged illegality of the assignment rested on the moving party." Regardless of why plaintiff initially failed so to inform the court, that relationship was sufficiently established in new affidavits and an order to show cause seeking a rehearing, submitted for signature to the original Justice (CPLR 2221). Signature was refused, and appeal was taken from the order of refusal. It is true that the controlling circumstance of the relationship between assignor and assignee should have been revealed to the court in opposition to the original motion to vacate. However, the papers submitted belatedly were to the effect that the premise relied on by the court in granting vacatur, i.e., champerty, lacked validity. The application for rehearing should therefore have been granted, and the vacatur of the attachment itself have been set aside. Concur — McGivern, J. P., Markewich, Nunez and Murphy, JJ.; Kupferman, J., dissents in the following memorandum: Plaintiff corporation was organized solely in order to take an assignment of a claim from a Bahamian corporation (alleged on the motion for rehearing to be the parent of the plaintiff) against the defendant Swiss bank, based on a transaction between the parent and the defendant, which occurred abroad. The claim is that the defendant converted 2,800,000 Swiss Francs (some $700,000) and an order of attachment was obtained here in the latter amount. The defendant moved for an order vacating the attachment on the ground that the corporate plaintiff, as assignee, was acting in violation of section 489 of the ·Judiciary Law, which interdicts champertous procedure. The plaintiff on the original motion, relied on the burden resting with the defendant on that

issue, and when the plaintiff lost the motion, it sought a rehearing setting forth facts to disprove any violation of section 489. The Judge at Special Term rejected the rehearing application out of hand. The determination at Special Term should be affirmed. The original papers were bare of any support for the plaintiff's position, and it is only in connection with the application for a rehearing that a showing of any kind was made. What's more, it is obvious that the parties and the claim involved here have no nexus with the State of New York or even with the United States, and, in the face of less than minimal contacts, seeking to retain this litigation in this forum by overruling the proper exercise of discretion at Special Term in the matter of the rehearing, is unwarranted. (*Silver* v. *Great Amer. Ins. Co.*, 29 N Y 2d 356; *Barry* v. *American Home Assur. Co.*, 38 A D 2d 928, affd. 31 N Y 2d 684; *Bata* v. *Bata*, 304 N. Y. 51, 56.)