■　CHARLES J. SPINDLER, et al., Appellants, v MAHLON L. FAST et al., as Coexecutors of WILLIAM DE GOODE, Deceased, Respondents.—Order, Supreme Court, New York County, entered May 5, 1978, affirmed, without costs and without disbursements. Special Term's dismissal of the complaint for *forum non conveniens* was an unexceptionable exercise of discretion. (See *Irrigation & Ind. Dev. Corp. v Indag, S. A.,* 37 NY2d 522, 525.) The only connection with New York lies in the fact that some of the negotiations leading up to the subject agreement took place here and that provision is made for New York law to apply. All other connections with this State cited to us are superficial. The subject agreement was signed in New Jersey by a New Jersey resident and certain defendants maintain offices there. Defendants have agreed to accept service of process there and there will be no demonstrated prejudice or inconvenience to anyone should this case go forward there. To add to all of which, the estate of a decedent whose interests were involved in this matter is now in the courts of that State. Clearly, the State with the most substantial interest in this case is New Jersey. Concur—Fein, Markewich and Lynch, JJ.; Silverman, J. P., and Sullivan, J., dissent in a memorandum by Silverman, J. P., as follows: We would reverse the order appealed from and deny defendants' motion to dismiss the complaint on the ground of *forum non conveniens.* This appears to us to be a case like *Bata v Bata* (304 NY 51, 57), where the Court of Appeals said: "Plaintiffs say, and not unreasonably, that this is a most unusual case in which * * * there is no one 'appropriate' forum, and that the difficulties and inconveniences listed by defendant would be found, in greater or less number, in any suit brought anywhere to determine these issues. In other words, much of the 'inconvenience' is not local, but inherent in the situation out of which the lawsuit arises." Plaintiff Spindler is a resident of Connecticut, with a regular employment in New York; defendant testator was a resident of New Jersey who, however, was also a licensed broker in New York. Defendants are the executors of decedent's estate with testamentary letters issued out of the New Jersey court. One of the executor defendants is a resident of New Jersey, the other a resident of New York. The contract sought to be enforced is one to permit plaintiff to buy out the decedent's interest in two

partnerships, organized under the laws of Maryland, whose chief assets consist of real property in Maryland and whose affairs were apparently administered by decedent from his home in New Jersey. Nobody contends that this action should be brought in either Connecticut or Maryland; the choice is either New York or New Jersey. But there is a substantial nexus to New York; indeed New York appears to be the one common meeting ground, and perhaps the center of gravity of the contacts between the parties. The contract appears to have been largely negotiated in New York although the actual signature by the decedent was in New Jersey; the lawyer who drafted the agreement and the only lawyer that the parties used with respect to this transaction was a New York lawyer; the accountant for the partnerships who prepared the partnerships' income tax returns and financial reports is a New York accountant with offices in New York. The contract recites that it was "made in the City and State of New York"; the contract further provides that it and its performance "shall be construed in accordance with the laws of the State of New York," a provision to which this court has given considerable weight in deciding to keep the action in New York. (*Income Fund of Boston v Vahlsing,* 49 AD2d 724; *Bankers Trust Co. v Kline,* 52 AD2d 775.) The contract further provides that in the event of a dispute, it shall be settled by arbitration, and that if the arbitrators are unable to agree on the procedural rules, the arbitration "shall proceed in accordance with the applicable provisions of the laws of the State of New York"; that in the event that the two arbitrators chosen by the parties are unable to agree upon a third arbitrator, that the third arbitrator shall be the Dean of the Law School of Columbia University. The agreement further provides that wherever notice is required to be given, it shall be served on the decedent in New Jersey, plaintiff Spindler in Connecticut, and also upon the lawyer and the accountant in New York. The agreement also names as escrow agent the lawyer in New York. As both the United States Supreme Court and the Court of Appeals have said, " 'unless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed' " (*Bata v Bata, supra,* p 56 quoting *Gulf Oil Corp. v Gilbert,* 330 US 501, 508). In the present case for the reasons indicated, we cannot say that the balance is strongly in favor of the defendants.